## JOHN KILLION & others *vs.* TIMOTHY KELLEY.

Suffolk.  Nov. 16, 1875. — March 2, 1876.  COLT & LORD, JJ., absent.

The owner of a tract of land divided it into lots, and laid out through it a private way, called a court, conveyed one lot to A. and the other lots to other persons. The street into which the court opened was raised by the city, and the owners of the lots, except A., began to fill and raise the grade of the court opposite the land of A., who interfered, and by threats and otherwise, prevented the prosecution of the work. The grade of the court, if raised as contemplated, would be two feet and a half above the level of A.'s roadway to his stable and sheds and of the landing at the basement door of his house, so as to require stairs or steps by which to descend from the court to his door. It appeared that A. could make changes in his estate so as to adapt it to the raised grade of the court. *Held*, upon a bill in equity by the other abuttors on the court to restrain A. from interfering with the prosecution of the work, that they had no right to impair A.'s estate by raising the court, even if they were willing to pay for such changes; and that the bill must be dismissed.

BILL IN EQUITY, filed June 3, 1875, to restrain the defendant from obstructing the plaintiffs in the work of raising, improving and grading a private way called Regent Court, leading out of Regent Street in Boston. Hearing before *Wells*, J., who reported the case for the consideration of the full court in substance as follows :

The plaintiffs are severally owners of houses and lots abutting on said court, with common rights of way through and over the same. The defendant is owner of a lot at the corner of the court and Regent Street, by deed from Nourse, one of the plaintiffs, describing the lot as follows : " bounded southeast by Regent Street, sixty feet ; southwest by land recently conveyed by me to Hugh Nann, sixty-five feet ; northwest by my own land sixty feet, and northeast by land of mine, to be left open twenty feet wide, for a passageway from Regent Street, sixty-five feet." The deed conveyed the land with all privileges and appurtenances. At the time this deed was given Nourse was the owner of all the land through which the court was laid out, and still is the owner, except so far as his deed to Kelley conveyed title or rights to him, and except so far as his deeds to others bounding on said way have conveyed title or rights now held by the other plaintiffs.

The defendant has erected upon his lot a double house fronting on Regent Street, which is considerably above the level of his land and of Regent Court. The side wall of his house is about two feet from the line of the court, and has basement windows opening towards the court, and cellar windows below those. His entrance to the basement from the court is by a door on the rear of the house. He has a stable and shed upon the rear part of his lot, the approach to which is also from Regent Court. After the defendant took his deed, and before he built his house, Nourse caused the court to be filled in against the defendant's land so as to improve the approach to Regent Street. After he built his house the court was again raised by parties interested in it, so as to be as high as or a little above the level of the sill of the basement door of the defendant's house, and so as to darken his cellar windows. About a year since. Regent Street was graded and raised by the city.

The plaintiffs having commenced to fill and raise the grade of Regent Court still further, the defendant interfered and removed some of the material laid therein opposite to his land, and obstructed the work, and by threats and otherwise prevented its further prosecution.

At the hearing it appeared that, by raising the surface of the court to the grade contemplated by the plaintiffs, the cellar windows of the defendant would be still further darkened, and the embankment or wall would extend to such height as to obstruct the air, light and vision to and from the basement windows, thereby to some extent, and, as the defendant contended, seriously to injure and impair the value of his house. It also appeared that the court would thus be raised two or two and a half feet above the level of the defendant's present roadway to his stable and sheds, and of the landing at the basement door of his house, so as to require stairs or steps by which to descend from the court to his said door. The defendant contended that this would cause an injury to his premises and his rights of way, not remedied by the provisions contained in the decree hereafter stated. He also contended that the attempt of the plaintiffs to raise the grade of the court against his land was unlawful and in violation not only of his rights of way, but of his other rights as owner of that house and land abutting thereon, and that they ought not to be permitted by this court to proceed therein.

The judge ruled that the defendant's deed of his land gave him no title in any part of the land included in the limits of the court, and no right or interest therein, except the right to use it as a way for the purpose of passing and repassing thereon, and that the raising of the grade of said way was not in violation of any rights of the defendant, except so far as it might obstruct his use of said court for said purpose as a way; that the plaintiffs, or some of them, being owners of the land included in said court, and of rights of way in common over and through the same, they might lawfully raise the grade of said court against the defendant's land, provided the defendant's use of said way and access thereto were not obstructed or rendered difficult or inconvenient. The judge found on the evidence that the proposed change of grade was a reasonable one to be made for the ton

venient use thereof by all the persons interested therein, and that the provisions made in the decree hereafter stated, if complied with, would make the defendant's access and means of approach to said way, and to his land and buildings from said way, reasonably convenient for the use of his said land and buildings.

The judge then made the following decree :

" This cause came on to be heard at this term, and was argued by counsel ; and thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows :

" First. That the plaintiffs are entitled to improve, raise and grade the way called Regent Court, and to establish the grade thereof in such manner as will best subserve the convenience, in the use thereof as a way, of all the several persons owning lands abutting on said court, and entitled to use the same, provided the access, or means of access, of the defendant to said court for the purpose of using the same as a way for the convenient occupation of his land abutting on said court, and the buildings thereon, be not obstructed or made difficult, or otherwise unreasonably affected, except so far as necessary during the progress of the work herein provided for.

" Second. That the plaintiffs may proceed to improve and grade said court, and put the same in suitable condition for use as a way, for the convenience of all said owners abutting thereon, having regard also to the convenience of the defendant in respect to his access, or means of access, to said court from his said land and buildings for all purposes for which he may have occasion to use said court as a way.

" Third. In doing said work of improving said court, the plaintiffs shall (if the defendant will permit them, or such persons as may be employed to do the same, to enter upon his land for that purpose) construct such steps, stairs, causeways, roadways, walls or structures, do such filling and grading, and make such other changes in and upon said land, as shall be reasonably necessary to secure to him for his said land and buildings convenient approaches and access to said court for all purposes of use thereof as a way for the convenience of his said land and buildings. But if the defendant shall decline to permit such entry upon his land, then the plaintiffs shall pay to the defend

ant such reasonable sum as will enable him to construct and provide for himself such approaches and means of access from his said land and buildings to said court, the amount thereof to be estimated by the engineer hereinafter named, subject to revision by this court, and paid to the defendant, or into court for his use, before raising said way against his said land.

"Fourth. Profiles or plans and measurements for the grading and improvement of said court, and also for such structures and changes as may be required or proposed to be made upon the land of the defendant, for securing his means of access to said way, shall be prepared and laid before said engineer for his approval, before proceeding with said work, and the same shall be modified in such manner as he may require and direct, and the work when done shall conform thereto, and shall in all respects be done to the satisfaction and approval of said engineer.

"Fifth. Thomas W. Davis is appointed to supervise said work, approve the plans, and direct their modification, if he shall see cause so to do, estimate the amount to be paid to the defendant as hereinbefore provided, if called upon so to do, and examine and approve or disapprove the work when completed.

"Sixth. The defendant is enjoined from obstructing, hindering or interfering with the plaintiffs, their agents or servants, in the work of grading and improving said court, if and so long as they comply with the requirements of this decree.

"Seventh. The case is to stand for further directions in respect to the execution of this decree, or such final order as may be necessary."

The defendant appealed from this decree; and the plaintiffs appealed from so much of said decree as required them to make expenditures outside of the limits of Regent Court.

*J. M. Keith & J. W. Keith,* for the plaintiffs.

*J. D. Thomson,* for the defendant.

MORTON, J. Nourse, one of the plaintiffs, being the owner of a tract of land, divided it into lots, and laid out through it a private way twenty feet wide, now called Regent Court.

He conveyed to the other plaintiffs and the defendant, severally, lots bounding upon this private way. There is no doubt that his deeds conveyed to the several grantees a right of way over this private way. *O'Linda* v. *Lothrop,* 21 Pick. 292. *Tufts*

v. *Charlestown*, 2 Gray, 271. *Gaw* v. *Hughes*, 111 Mass. 296. If we assume, as was held at the hearing, that the defendant's deed gave him no right in the passageway, except the right to use it as a way for the purpose of passing and repassing thereon, the question is whether the acts done, and proposed to be done by the plaintiffs, were a violation of this right of the defendant. If they were, he had a right to forbid and prevent them by peaceable means, and this bill to enjoin him from doing so cannot be maintained.

It is well settled that where there are several owners in common of a private way, each owner may make reasonable repairs which do not injuriously affect his co-owners, but he cannot make any alteration of the course of the way, or any change in its grade or surface, which makes the way less convenient and useful to any appreciable extent to any one who has an equal right in the way. *Thomas* v. *Poole*, 7 Gray, 83. *Brown* v. *Stone*, 10 Gray, 61. *Richardson* v. *Pond*, 15 Gray, 387. *Meehan* v. *Barry*, 97 Mass. 447.

It appears by the report that, Regent Street having been raised by the city, the plaintiffs commenced to fill and raise the grade of Regent Court opposite the land of the defendant which is at the corner of Regent Street and Regent Court, and that the defendant interfered, and by threats and otherwise prevented the prosecution of the work.

It also appears that by raising the surface of the court to the grade contemplated by the plaintiffs, " the court would be raised two or two and a half feet above the level of the defendant's present roadway to his stable and sheds, and of the landing at the basement door of his house, so as to require stairs or steps by which to descend from the court to his said door."

We are of opinion that the plaintiffs had no right to do this without the consent of the defendant. The work they had commenced would, when completed, make a material change in the court, which would diminish the convenience of the defendant in the use of his right of way. The fact found by the presiding justice that, by building stairs or steps, by constructing roadways or causeways, or otherwise grading his land, he can adapt it to the raised grade of the court, so as to have a reasonably convenient way, does not give the plaintiffs the right to

make this change. Even if the plaintiffs were willing to pay him the expenses of thus adapting his land, which they are not, he could not be compelled thus to change his estate against his will. Neither the plaintiffs nor a court of equity can require him to do this without violating his right to the uninterrupted enjoyment of his estate. We are therefore of opinion that upon the facts shown at the hearing the plaintiffs cannot maintain their bill. *Bill dismissed.*