FRANK T. KELLEY & others *vs.* AARON N. SALTMARSH
& others.

Essex. April 3, 1888. — May 3, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Deed — Right of Way — Change of Grade — Support — Extrinsic Evidence.*

Under a deed of the fee to the centre of a private way as laid out on a plan, and of a right of way over it, subject to a like right in the grantor, the latter has no right to cut down the grade of the way to the injury of the grantee; and evidence of an oral agreement conferring such a right is inadmissible.

BILL IN EQUITY to restrain the defendants from cutting down the grade, eight or ten feet, of a private way, called Myrtle Street, in Haverhill. The case was heard on a master's report, and exceptions thereto, by *C. Allen*, J., who ordered a decree for the plaintiffs; and the defendants appealed to the full court. The facts appear in the opinion.

*J. P. Jones & S. L. Whipple*, for the defendants.

*I. A. Abbott*, for the plaintiffs.

MORTON, C. J. The defendants, being the equitable owners of a large tract of land, laid it out in streets and lots, delineated on a plan. One of the streets was Myrtle Street, twenty-five feet wide. They sold to the plaintiffs respectively lots on Myrtle Street, by deeds in which the boundaries ran to Myrtle Street, and thence by Myrtle Street to monuments named. These deeds conveyed to the plaintiffs respectively the right of way over Myrtle Street as laid out, and also the fee to the centre of the street, subject to the right of way in the defendants and their grantees. *Peck v. Denniston*, 121 Mass. 17.

As is stated in *Killion v. Kelley*, 120 Mass. 47, where there are several owners in common of a private way, each owner may make reasonable improvements and repairs which do not injuriously affect his co-owners, but he cannot make any alteration of the course of the way, or any change in its grade or surface which makes it less convenient and useful to any one who has an equal right in the way.

In the case at bar, the defendants have the right to level and work the surface of the way so as to make it convenient and

practicable as a way, so far as they can do so without injuring the plaintiffs or the other co-owners of the way. But they have no right to cut down the grade, as they propose to do, eight or ten feet. The master has found that this would materially injure the plaintiffs' lots, and endanger their buildings, unless proper support is furnished to the soil of the plaintiffs. Even if such support is furnished, yet it would make a material change in the way and diminish the convenience of the plaintiffs in the use of their rights of way. The plaintiffs cannot be compelled to submit to such a change of their rights against their wills. *Killion* v. *Kelley*, *ubi supra*. *Meehan* v. *Barry*, 97 Mass. 447.

Such being the rights of the parties under the deeds, it was not competent for the defendants to prove a previous or contemporary oral agreement that they should have the right to cut down the grade of Myrtle Street eight or ten feet. The deeds to the plaintiffs were made by William Hale, but he was acting merely as the trustee or agent of the defendants, who alone were beneficially interested, and they are to be regarded in the same light as if the deeds were made directly by them. There is no ambiguity in the deeds which calls for oral testimony to explain them. The rights of the parties under them are clear. The deeds settle their rights, and it is not competent for the defendants to enlarge their rights, or to restrict or limit the grant to the plaintiffs by proof of an oral agreement made before or at the time the deeds were made. *Miller* v. *Washburn*, 117 Mass. 371.

*Decree affirmed.*