### ELMINA LEMAY *vs.* AUGUSTUS S. FURTADO.

Bristol.   October 27, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Deed*, Construction. *Boundary. Way.*

The words in a deed "thence easterly by a way twenty feet wide nineteen rods", describing a boundary of the land conveyed on other land of the grantor, pass a right of way twenty feet wide, and this application of the ordinary rule of construction is not affected by the facts, that the measurement of the boundary preceding the word "thence" in the deed does not quite reach the twenty foot strip, that the way was not laid out at the time the deed was given, that it was not necessary to the grantee, that along the further side of the strip ran a ditch which made the strip less available for a way, that the end of the strip on the street was stopped by a wall and a gully, and that nothing was done for many years to make the strip available. And *semble*, that the other part of the general rule also applies, and that the above words pass the fee to the middle line of the twenty foot strip and no more, although the grantor's land ended on the further side of the strip.

HOLMES, C. J.   This is a bill in equity to restrain the defendant from continuous trespassing upon a strip of land to the northeast of the defendant's land. The plaintiff claims title to the strip. The defendant also claims title to the whole or a part of the strip, or at least a right of way over the whole of it. In the Superior Court the bill was dismissed on the master's report, and the case comes here by appeal.

We shall address ourselves only to the merits of the case, as the parties have done. Those depend on the construction of a

deed from one Brightman to one Brigham, his son-in-law, of the land now owned by the defendant. At the date of that deed in 1875, Brightman owned a farm of about fifty-seven acres, and carved out of it on the northeasterly end the small lot expressly given to Brigham. On the northeasterly side of this lot again was the strip in question, twenty feet wide, and on the further side of that was Brightman's original boundary line. Brightman's land also surrounded the piece conveyed to Brigham on two other sides. By a later deed from Brightman in 1890, the plaintiff has whatever Brightman had after his deed to Brigham. The land conveyed to Brigham was bounded and described as follows: " Beginning at the southwest corner of the lot on the east side of the Main Road . . . and running northerly by said road four (4) rods; thence easterly by a way twenty (20) feet wide nineteen rods; thence southerly " etc., " containing seventy-six (76) rods of land." The way referred to is the strip in question. Brightman's later deed to the plaintiff purports to convey the farm by its original boundaries, " excepting however " seventy-six rods more or less then owned by Harrison, " said Harrison lot having been sold as bounded on a twenty foot way between the said Harrison lot and the north line of grantor's farm."

To take the case out of the usual construction the plaintiff relies on some special facts. The first is that the boundary on the road, four rods, does not quite bring the defendant's land to the strip. This evidently was due to the mistake of taking the perpendicular measurement from side to side of the lot conveyed, and of not noticing that the line of the road was diagonal and a little longer. But the mistake is immaterial, because the boundary " easterly by a way," takes the land conveyed to the strip. Then it is said that the way was not laid out at that time, that it was not necessary to the defendant, that along the farther side of the strip ran a ditch from five to eight feet wide which drained the Brightman land and made the strip less available for a way to the defendant's land, that the end on the street was stopped by a wall and a gully, that in Brigham's time nothing was done to make the strip available, and that various acts were done since the Brigham conveyance that looked more or less as if the parties concerned thought that the title to the strip belonged to

Brightman and his successors. The most striking of these acts are the cutting of hay on the strip by the plaintiff for two years and her payment of taxes for ten.

We see nothing whatever in any of the facts relied on by the plaintiff to take the case out of the general rule. Of course what the plaintiff may have done after 1890 can have no bearing on the construction of a deed made in 1875, even if it appeared that the defendant knew of her acts. The other matters are insignificant. This was the finding of the master, and certainly we could not say that he was wrong. The defendant has a right of way over the whole tract. *O'Linda* v. *Lothrop*, 21 Pick. 292. *Lewis* v. *Beattie*, 105 Mass. 410. *Franklin Ins. Co.* v. *Cousens*, 127 Mass. 258, 261. *Durkin* v. *Cobleigh*, 156 Mass. 108, 109. *Lefavour* v. *McNulty*, 158 Mass. 413, 417. *Boland* v. *St. John's Schools*, 163 Mass. 229. This conclusion is enough for the decision of the case, but as the parties have requested us to do what we can to dispose of the whole controversy, we may add that we see no reason to doubt that the other part of the general rule of construction applies, and that the defendant owns the fee to the middle line of the tract, subject of course to the plaintiff's easement of way. *Fisher* v. *Smith*, 9 Gray, 441. *Peck* v. *Denniston*, 121 Mass. 17. *Dean* v. *Lowell*, 135 Mass. 55, 60. *Kelley* v. *Saltmarsh*, 146 Mass. 585. *Crocker* v. *Cotting*, 166 Mass. 183, 187.

*Bill dismissed.*

*H. A. Dubuque*, for the plaintiff.
*J. M. Morton, Jr.*, for the defendant.