BOSTON AND ALBANY RAILROAD COMPANY & another *vs.*
TERMINAL REALTY CORPORATION & others.

Suffolk.   March 4, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Way,* Private.   *Equity Jurisdiction,* To enjoin infringement of right of way.

Owners of adjoining parcels of land each had a right of way over a passageway at the boundary between the parcels twenty feet in width, the fee in five feet of which belonged to the owner of one parcel and in fifteen feet to the other.   In a suit in equity by the owner of the fee in the fifteen feet against the owner of the five feet, it appeared that the predecessor in title of the defendant had excavated beneath the passageway beyond the boundary line into the land of the plaintiff and there had constructed a boiler room; that the defendant had torn down a building on his premises and had built a new building with projections into the passageway and had made changes in the interior arrangement of the boiler room and installed therein two large oil tanks; that before any considerable part of the work had been done, the plaintiff had warned the defendant that he claimed that the defendant was encroaching as to the projections and the use of the boiler room.   A decree was entered requiring the defendant to cease its use and occupation of that portion of the basement or boiler room within the plaintiff's land, to remove the same, to fill the excavation to the level of the surrounding passageway, to restore the plaintiff's land to its former condition, and to remove the projections.   The defendant appealed.   *Held,* that

(1) The defendant was in the position of one who wilfully had invaded the plaintiff's rights and had no equity to set up against the plaintiff's claim to have his property restored to him as it was before the wrong was done;

(2) The defendant had no ground for objecting to that part of the decree which required him to fill the excavation to the level of the surrounding passageway, and to restore the plaintiff's land to its former condition;

(3) The decree was sufficiently definite to be enforced.

BILL IN EQUITY, filed in the Superior Court on January 9, 1924, seeking to enjoin the defendant Terminal Realty Corporation from encroaching upon land of the plaintiff and infringing upon an easement of passageway.

In the Superior Court, the suit was tried before *Qua,* J. Material facts found by the judge and the decree entered by

his order are described in the opinion. The defendant Terminal Realty Corporation appealed.

The case was submitted on briefs.

*J. F. Jennings & W. P. Jennings*, for Terminal Realty Corporation.

*W. L. Parsons*, for the plaintiffs.

SANDERSON, J. This is a bill in equity in which the plaintiffs, owner and lessee respectively of a lot of land on Lyman Street, in Springfield, adjoining land owned by the Terminal Realty Company, hereinafter called the defendant, are seeking to have the defendant ordered to remove certain alleged encroachments on a passageway and land.

The trial judge found that at the boundary line between the two parcels of land there "is a passageway twenty feet in width over which the plaintiffs and the defendant have a right of way. Fifteen feet in width of this passageway is located on land of the plaintiffs and five feet on land of the defendant.

"In the Spring and Summer of 1923 the defendant tore down the building which was then located on its land and built a new building, the main easterly wall of which was located approximately on the westerly line of the passageway. Three projections were built with and incorporated into the outside of this easterly wall. The largest, called the 'chimney,' projects about one foot nine inches into the passageway, and is about three feet wide. The two other projections, called at the trial 'pilasters' or 'buttresses,' are really constructed to contain ventilating flues and project into the passageway for about eight inches for a width of two feet five inches.

"The former owner of the defendant's premises had also at some time in the past constructed an underground chamber called the 'boiler room,' which projected from the westerly line of the passageway and under its surface for a distance of about thirteen feet, and with a width of about thirty-five and one half feet. Of this thirteen foot projection, eight feet are in land owned by the railroad. This boiler room is covered by a concrete slab which is nearly flush with the surface of the passageway, and so constructed that it has the

outside appearance of an attempt to pave that portion of the passageway. When the defendant constructed its new building it used this old boiler room by placing there two large oil tanks for use in connection with heating purposes, with necessary piping and connections, and made such changes in the interior arrangement of the boiler room as were necessary to place and maintain these tanks." Before any considerable amount of work had been done in building the chimney and flues and before any material changes had been made in the boiler room, the defendant was warned by the railroad company of its claim of encroachment and the defendant continued its work, acting at least in reckless disregard of the plaintiffs' rights.

The trial judge further found that the defendant adopted as its own the construction of the boiler room made by its predecessor in title, made changes in the interior arrangements, and has since used and maintained the same. The parties agreed that fourteen feet from the surface of the passageway was the height at which the projections would not interfere with the free use of it.

A decree was entered requiring the defendant to cease its use and occupation of that portion of the basement or boiler room within the plaintiffs' land, remove the same, fill the excavation to the level of the surrounding passageway and restore the plaintiffs' land to its former condition, and to remove the lower portions of its chimney and its two ventilating flues to a height of fourteen feet from the surface of the passageway, so far as the same encroach thereon. The defendant appealed from this decree and its only contention is that the part of the decree requiring it to remove that portion of the basement and boiler room within the plaintiffs' land and to fill the excavation to the level of the surrounding passageway and to restore the plaintiffs' land to its former condition, are unwarranted and inequitable and impose upon the defendant a heavy pecuniary burden. This contention is met by the findings of the trial judge that the defendant went on with its work after notice of the plaintiffs' claim and that it is not a case of peculiar hardship to the defendant, because it has room on its own property for chimney,

flues and boiler room. The defendant, having gone on after notice in disregard of the plaintiffs' rights, is in the position of one who has wilfully invaded those rights and has no equity to set up against the plaintiffs' claim to have his property restored to him as it was before the wrong was done. *Lynch* v. *Union Institution for Savings*, 159 Mass. 306, 308. *Szath-mary* v. *Boston & Albany Railroad*, 214 Mass. 42.

The defendant by adopting the construction of its predecessor in the plaintiffs' land, making changes in that construction, placing large oil tanks in the excavation with necessary piping and connections and maintaining and using it in connection with its adjoining real estate, has no ground for objecting to that part of the decree which requires it to fill the excavation to the level of the surrounding passageway, and to restore the plaintiffs' land to its former condition. *New York Central Railroad* v. *Ayer*, 242 Mass. 69. *Rahn* v. *Milwaukee Electric Railway & Light Co.* 103 Wis. 467. *Broder* v. *Saillard*, 2 Ch. D. 692.

The decree is sufficiently definite to be enforced and is affirmed with costs of this appeal.

*So ordered.*