FREDERICK E. CRULLEN & another *vs.* THE EDISON
ELECTRIC ILLUMINATING COMPANY OF BOSTON.

Suffolk.    October 21, 1925. — November 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Way,* Private. *Easement. Electricity.*

An electric light company has no right, against the protest of one who owns
land running to the middle of a private right of way subject to rights of
use in other abutters on the way for purposes of travel, to maintain, in
that half of the way belonging to such owner, a pole to carry wires
from a public way to a lot adjoining, although the owner of the lot ad-
joining, with the right of travel over the way, had given to the company
permission to maintain a line of poles through the way.

BILL IN EQUITY, filed in the Superior Court on December 11,
1924, to enjoin the defendant from maintaining a pole in that
part of a private way of which the plaintiff owned the fee.

In the Superior Court, the suit was heard by *McLaughlin,* J.,
a stenographer having been appointed under G. L. c. 221,
§ 85, Equity Rule 35 (1905), to take the evidence. Material
facts found by the judge are described in the opinion. By
order of the judge, a final decree was entered directing the
removal of the pole. The defendant appealed.

*F. M. Ives,* for the defendant.

*J. M. Graham,* for the plaintiffs, submitted a brief.

CARROLL, J. This is a suit in equity to restrain the de-
fendant from maintaining an electric light pole in front of
the plaintiff's premises in a private way twenty feet in width,
known as Hilburn Place, in the Roslindale district of Boston.

The plaintiffs' land is situated at the southeast corner
of Poplar Street and Hilburn Place. Adjoining it on the
east, and abutting on Hilburn Place, is the land of one
Rogers. In 1915 Rogers granted permission to the defend-
ant to erect and maintain a line of two poles through this
private way with the necessary fixtures for the transmission
of electricity; and one Morse, who then owned the premises
now owned by the plaintiffs, gave like permission. The

defendant thereupon erected a pole on that part of the private way on which the plaintiffs' land abuts and close to the southerly line of the way. Soon after the plaintiffs acquired title to the land they requested the defendant to remove this pole.

The presiding judge found that the plaintiffs own to the center of Hilburn Place, subject to the easement of the other abutters, to use the way for purposes of travel; and ruled that the easement of Rogers was limited to the use of the way for purposes of travel and did not include the right to "maintain an electric light pole to support wires for the purposes of his household"; that the defendant, acting in the right of the abutting owner Rogers, had no greater rights in the way than Rogers. A decree was entered for the plaintiffs, and the defendant appealed.

The plaintiffs owned to the center of the private way subject to the easement of Rogers. *Lemay* v. *Furtado,* 182 Mass. 280. *Lagorio* v. *Lewenberg,* 226 Mass. 464. As the owners of the servient estate they possessed all the rights of an owner except as limited by the easement of the dominant estate; they could not interfere with the abutter's right of passage through the way. But the easement did not give Rogers the right to erect the pole; this was an obstruction of the way and an interference with the plaintiffs' rights as owners of the land; it was an invasion of their title as owners and was not within the easement of travel granted to Rogers. *Ganley* v. *Looney,* 14 Allen, 40. *Zimmerman* v. *Finkelstein,* 230 Mass. 17. *Congregation Beth Israel* v. *Heller,* 231 Mass. 527. *Siegel* v. *Starzyk,* 238 Mass. 291, 297. *New York Central Railroad* v. *Ayer,* 242 Mass. 69.

The easement acquired by the public in public highways includes every reasonable means for the transmission of intelligence, the conveyance of persons, and the transportation of commodities. Gas and water pipes, electric light and power poles, electric railways, and other means for the transportation and conveyance of commodities, persons and intelligence are not additional servitudes in public highways. *Commonwealth* v. *Morrison,* 197 Mass. 199. The easement which the public possess in the free and unobstructed right

to use the public highways for all purposes of travel, including the conveyance of persons, the transfer of goods, and transmission of intelligence, is a public right, belonging to the public and imposing no additional burden on the abutting land owner. The public have no such easement in a private way similar to the way in question. The right of passage in this private way did not bestow upon the owners of the easement the right to obstruct the plaintiffs' title and possession of the land. The maintenance of the electric light pole was such an obstruction and it can be restrained. See *Boston & Albany Railroad* v. *Terminal Realty Corp.* 252 Mass. 165. *Killion* v. *Kelley,* 120 Mass. 47. *Nute* v. *Boston Co-operative Building Co.* 149 Mass. 465.

The rights of the public to an easement of travel and the carrying of commodities upon the public highways are not involved; the defendant relies entirely upon the easement granted to Rogers in Hilburn Place. His easement is to be determined by the terms of the grant construed in the light of attending circumstances. *Baldwin* v. *Boston & Maine Railroad,* 181 Mass. 166, 168.

Neither Rogers nor the defendant under the permission granted it by Rogers, had the right to maintain the pole upon the plaintiffs' land. It was a new and additional burden on their land. *Carpenter* v. *Capital Electric Co.* 178 Ill. 29. The decree restraining the defendant from maintaining the pole is affirmed, with costs.

*Ordered accordingly.*