BESSIE MARCUS *vs.* ISAAC E. BRODY.

Suffolk.    October 23, 1925. — December 1, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction,* To enjoin trespass, Injunction.  *Trespass.  Equity Pleading and Practice,* Appeal.

If, without right, one attempts to appropriate real property of another by acts which may ripen into an easement, equity will require the trespasser to undo, as much as possible, the wrong which has been done: the landowner whose property is invaded is entitled to have his property restored to him.

In a suit in equity by a married woman to enjoin the defendant from maintaining a portion of a garage and driveway upon land of the plaintiff,

it appeared that there was an encroachment of the alleged driveway and garage upon the plaintiff's land which at its deepest point was four and one quarter inches and in all occupied only five square feet of the plaintiff's land, worth about $5. When the erection of the garage was begun, its location was designated by the defendant's architect in the presence of the plaintiff's husband "without objection on his part." The encroachment was innocent on the part of the defendant, and "not intentional and was not known to him until said survey was made and his attention was directed to it by the plaintiff." When the encroachment was discovered, the foundations, walls and floors of the garage had been completed and the roof partially constructed. The plaintiff demanded of the defendant that he remove the encroachment, but this demand was disregarded and the garage and driveway were completed. The cost of removing the obstructions when first discovered would have been $300; after it was finished, the cost of removal would be $500. *Held,* that

(1) The mere fact, that relief by injunction might impose upon the defendant an expense out of proportion to the apparent benefit to the plaintiff, was not enough to deprive the plaintiff of his right to an injunction;

(2) The designation of the location of the garage before construction in the presence of the plaintiff's husband without objection on his part did not deprive the plaintiff of her right to an injunction;

(3) The plaintiff was entitled to have the garage and driveway removed in so far as they intruded on her land: the case was within the general rule and not within the exceptions of which *Lynch* v. *Union Institution for Savings,* 159 Mass. 306, *Levi* v. *Worcester Consolidated Street Railway,* 193 Mass. 116, and similar cases, are typical.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated July 14, 1924, seeking an injunction requiring the defendant to remove such part of a garage and driveway as encroached upon the plaintiff's land, to change the construction of a conductor on the garage and a driveway so that no water should flow therefrom upon the plaintiff's land, and for damages.

In the Superior Court, the suit was heard by *Weed,* J. Material findings by the judge are described in the opinion. By his order, a final decree was entered granting to the plaintiff the partial relief described in the opinion. The plaintiff appealed.

*J. W. Tushins,* for the plaintiff.

*John R. Murphy,* for the defendant.

CARROLL, J. The plaintiff and defendant are the owners of adjoining lots fronting on Glenway Street, Dorchester.

In March, 1924, the defendant began the erection of a garage on the rear of his lot. The garage "was 25 by 20 feet with two stalls, built of concrete blocks set on a concrete foundation, with concrete floor and a reinforced concrete roof." The water from the roof flows through a conductor at the corner of the building next to the plaintiff's land, and the slope of the land is such that the water "is delivered in a stream on to the plaintiff's lot." Conductors on the defendant's house next to the plaintiff's land, gather the rain water falling on the roof and discharge it through spouts on the granolithic driveway in such a way as "to reach the plaintiff's land in well defined streams."

The garage was finished in May, 1924. In April the plaintiff had her lot surveyed. It was found by the presiding judge that the rear of the garage extended on to the plaintiff's lot, the foundations extending four and one quarter inches and the wall two and one eighth inches; that the foundations at the front of the garage extended over two and one half inches on to the plaintiff's land and the wall at this point extended one half of an inch on the plaintiff's land; that the concrete driveway "was over two and one half inches in front of the garage running to nothing at a point near the rear of the house."

When the erection of the garage was begun, its location was designated by the defendant's architect in the presence of the plaintiff's husband "without objection on his part." It was further found that the encroachment by the defendant was innocent and "not intentional and was not known to him until said survey was made and his attention was directed to it by the plaintiff"; that when the encroachment was discovered, the foundations, walls and floors of the garage had been completed and the roof partially constructed; that the plaintiff demanded the defendant to remove the portion of the garage which projected on to her land; and that this notice was disregarded and the garage completed. He further found that the land "so encroached upon is approximately five square feet and of the value of $5"; that the cost of removing that portion of the garage and driveway located on the plaintiff's land would be $500; and that the

cost of removing the obstructions when first discovered would have been $300.

The plaintiff asks for the removal of the part of the garage encroaching on her land, and a change in the construction of the conductor and garage so that no water shall flow therefrom upon her land; and that the driveway be so reconstructed as to stop the flow of water on her land. A decree was entered for the plaintiff restraining the defendant from discharging water from the house and garage conductors upon the plaintiff's land; ordering the defendant to pay the plaintiff damages for the injury sustained; and ordering the defendant to remove the part of the garage and driveway upon the plaintiff's land "unless the defendant shall pay to the plaintiff the sum of five ($5) dollars damages and $36.50 costs . . . within thirty days of the entry of this decree."

It is well settled, if one without right, attempts to appropriate the property of another by acts which may ripen into an easement, that equity will require the trespasser to undo, as far as possible, the wrong which has been done. The landowner whose property is invaded is entitled to have his property restored to him. *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448. *Kershishian* v. *Johnson,* 210 Mass. 135. *Szathmary* v. *Boston & Albany Railroad,* 214 Mass. 42. *Boston & Albany Railroad* v. *Terminal Realty Corp.* 252 Mass. 165. According to the findings of the presiding judge, although the defendant acted innocently and did not intend to trespass upon the plaintiff's land, he did in fact without right appropriate the land of the plaintiff. For this invasion of her rights equity will grant her relief. *Boston & Albany Railroad* v. *Terminal Realty Corp., supra.*

Injunctive relief may impose upon the defendant an expense out of proportion to the apparent benefit to the plaintiff, but this is not enough to deprive her of the right to an injunction. The defendant cannot appropriate to his use against her will, his neighbor's property; he cannot deprive her of the enjoyment, possession, and title to her land; and she will not be compelled to part with it at a valuation, even though it would be much cheaper for the defendant to pay the damages than to restore the property.

The fact that before the erection of the garage was begun the defendant's architect designated the location of the building "in the presence of the plaintiff's husband without objection on his part" is not enough to take away from the plaintiff her right to an injunction. There is nothing to show that the husband was authorized to act for the plaintiff; and as we construe the findings of the judge, the specific location of the building was not pointed out and it was not known at that time that the garage would extend on to the plaintiff's land.

The defendant contends that injunctive relief should be refused: he relies on *Lynch* v. *Union Institution for Savings*, 159 Mass. 306, *Levi* v. *Worcester Consolidated Street Railway*, 193 Mass. 116, and similar cases. The redeeming features in these cases are not found in the case at bar, and are not applicable to the facts here established. The case comes within the general rule and not within the exception. The plaintiff is entitled to have the garage and sidewalk removed in so far as they intrude on her land.

The plaintiff further contends that the defendant should be restrained from storing more than two cars in the garage. The judge found that three cars have been stored in the garage for some time, but that this use did not constitute a nuisance. There is nothing in the findings of the court to support this contention of the plaintiff.

It follows that the second paragraph of the decree is to be modified, by directing the defendant to remove that part of the concrete sidewalk and garage encroaching on the plaintiff's land within such time as ordered by the Superior Court; as so modified the decree is affirmed.

*Ordered accordingly.*