ADELIA E. TYLER *vs.* CITY OF HAVERHILL.

Essex.　May 20, 1930. — July 3, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, To enjoin trespass. *Trespass.*

A mandatory injunction in the plaintiff's favor was required in a suit in equity by a landowner against the owner of the adjoining land to have the defendant ordered to remove a heavy masonry wall which, the plaintiff alleged, encroached on his land, where a master to whom the suit was referred found that the wall did encroach upon the

plaintiff's land; that, although the defendant had built the wall in good faith and under a belief that he was not trespassing, the plaintiff, within a few days after the construction of the wall began, had given the defendant notice that he owned the land and had protested against such use of his property; that the bill was filed a few weeks after the construction of the wall; that, although it might be doubtful whether the plaintiff had any title to the land other than by adverse possession, abundant evidence of such adverse possession had been within the defendant's control; that no financial loss to the plaintiff had been caused by the construction of the wall; that the cost of the construction was $4,250; that the cost of restoring the plaintiff's land to its former condition would be $9,750; and that the cost of removing the wall and building it properly would be $12,250.

BILL IN EQUITY, filed in the Superior Court on September 6, 1927, to have the defendant ordered to remove a wall alleged to encroach upon land of the plaintiff.

The suit was referred to a master, who found that the wall was constructed by the defendant late in the summer of 1927; that the cost of construction was $4,250; that the fair cost of removing the wall, including filling in the land where the wall then rested so as to make the premises of the plaintiff about the same as they had been before the wall was built, would be $9,750; and that to take out the wall where it then rested and to build it over properly would cost $12,250. Other material facts found by the master are stated in the opinion. No exceptions were filed to his report. The suit thereafter was heard by *F. T. Hammond*, J., who ruled that, on the facts found by the master, he "had no discretion other than to order a mandatory injunction to issue." By his order, there was entered an interlocutory decree confirming the master's report. He also ordered the entry of a final decree directing the defendant to remove its wall from the plaintiff's land, and reported the suit for determination by this court.

*J. P. Cleary,* for the defendant.

*H. C. Thompson,* for the plaintiff.

WAIT, J. The plaintiff and defendant own adjoining lands in Haverhill. Neither was able to show by any recorded plan or deed the exact location of the boundary line between them. The defendant has constructed a

heavy masonry wall upon what it contended was its own land near the true boundary. A master, whose report has been confirmed by the Superior Court, has found that this wall in large part encroaches upon the land of the plaintiff. The judge has ordered the entry of a decree directing the defendant to remove the encroachment and has reported the case for our determination. The judge ruled that he had no discretion other than to order a mandatory injunction to issue.

The defendant contends that, in the circumstances reported by the master, the ruling and order are wrong. It does not deny that the law is as stated in *Szathmary* v. *Boston & Albany Railroad,* 214 Mass. 42, 44, "when one without right attempts to appropriate the property of another by conduct which will ripen into an easement, a court of equity will compel the trespasser to undo as far as possible what he has wrongfully done." It attempts to distinguish *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448, *Kershishian* v. *Johnson,* 210 Mass. 135, *Brooks* v. *Rosenbaum,* 217 Mass. 172, *Congregation Beth Israel* v. *Heller,* 231 Mass. 527, *Boston & Albany Railroad* v. *Terminal Realty Corp.* 252 Mass. 165, and *Marcus* v. *Brody,* 254 Mass. 152, which have enforced the law there stated, on the ground that, in all those cases, there was deliberate invasion of rights of another which could not be regarded as innocent; while here, as it contends, there was honest ignorance of the true location of the boundary and honest belief in the validity of the title it asserted with a reasonable basis for its belief.

The master has found that the defendant "entered upon the land of the plaintiff and built its wall as aforesaid in good faith and under the belief that it was not trespassing upon the land of the plaintiff," but that notice was given by the plaintiff, within a few days after excavations for the wall were begun, that she owned the land on which it was proposed to build the wall and protested against its use. The bill was filed on September 6, 1927; and there is nothing to show any unreasonable delay in asserting the

plaintiff's rights. The report discloses that doubt might well exist whether the title asserted by the plaintiff arose from anything other than long continued adverse possession in her predecessors; but evidence of such adverse possession was abundant and within the defendant's control. The master found that no financial loss to the plaintiff had been caused.

We think that one who knows of claims to land which he proposes to use as his own, proceeds at his peril if he goes forward in the face of protests from the claimant and places structures upon the land. It is familiar law that buildings placed upon real estate by a trespasser become the property of the true owner of the real estate. A claim of ownership must be made good if it is to bar a trespass. Undoubtedly there may be circumstances which a court of equity will regard as full justification for refusing to require removal of a nuisance created under claim of right and endured when it might have been stopped; especially when great and disproportionate loss results to its creator, and the value of the land is not affected. Mere belief in one's right, however, no matter how honestly and reasonably entertained, is not such a circumstance; nor is great expense of removal, when there has been a deliberate invasion of a plaintiff's title to real estate, and protest, followed by resort to the courts to ascertain the legal rights of the parties.

The ruling was right and the order proper.

*Order for final decree affirmed.*