Rowe, J.
This is an action of contract to recover for the expenses of the removal of an incumbrance of a lien which is alleged to have existed in violation of the covenant in a mortgage. The trial judge found for the defendant. The *165 plaintiff claims to be aggrieved by the denial of certain of his requests for rulings, including his fourth request. We are of the opinion that there was prejudicial error in the denial of this request.
At the opening of the trial the defendant’s counsel stated in open court that the defendant admitted all the allegations contained in count one of the plaintiff’s declaration except the words “wherefore, he is liable to the plaintiff for the damages sustained by his removing the same and interest thereon from June 8, 1944.”
The allegations in this count were as follows:
“That on July 18, 1941 the defendant executed and delivered to the Suffolk Co-operative Federal Savings and Loan Association, a mortgage covering certain premises in the Town of Brooldine, which mortgage was given with ‘mortgage covenants’ under the provision of Section 19 of Chapter 163 of the General Laws. That on Apr. 15,1942 the loan association by a foreclosure sale under the power of sale contained in said mortgage sold the premises covered by said mortgage to the plaintiff and executed and delivered to him a foreclosure deed in statutory form. That thereafter it developed that at the time the defendant executed and delivered said mortgage to said loan association there was of record in the registry of deeds in Norfolk County a notice of contract filed by the Dix Lumber Company, under the provisions of Chapter 254 of the General Laws relating to liens upon real estate. That thereafter said lumber company perfected its lien by appropriate proceeding in the Superior Court and a final decree was entered by said court establishing the lien of said company in the total amount of $821.04. That after the purchase of the premises at said foreclosure sale and before he could sell the premises, it became necessary for the plaintiff to give a bond to dissolve said lien under the provisions of Chapter 254. That in order to prevent a sale of said premises under the final decree establishing said lien, the plaintiff paid to said Dix Lumber Company the sum of $821.04. That the defendant had conveyed said real estate by a mort *166 gage which contained a covenant that it was free incumbrances ; that an actual prior incumbrance prior to said mortgage existed thereof; the defendant therefore, was liable to the plaintiff for the damages sustained by him in. removing the same with interest thereon.”
The allegations of the declaration being admitted by the defendant thereby became established facts in the case and nothing else appearing would require a plaintiff finding.
The defendant, however, contends that there was no liability on this covenant. The situation is well epitomized by a statement of the plaintiff’s fourth request for ruling and the judge’s ruling thereon which was as follows:
“4. By the mortgage to the bank, Beck covenanted with the bank and its successors in title that the premises are free from all incumbrances and that he warranted that he would defend the same against the lawful claims of all persons.”
Ruling thereon: “Denied. Interpreting the written contents of the construction loan mortgage in the light of the circumstances attending its execution and delivery (including the presence of Chapter 183 Section 19 of the General Laws of Massachusetts) I find and rule that Beck did not make this unrestricted covenant, with relation either to encumbrances or to warranty; on the contrary, I find and rule that the covenant against incumbrances and the covenant of warranty which Beck made with the bank excluded this notice or contract and whatever lien might ultimately result therefrom.”
There was evidence introduced as to certain oral statements and also as to circumstances which might exist in almost any transaction relating to a construction loan mortgage, the defendant contending that these in effect amounted to agreement.
*167 This evidence was objected to, but was received by the judge de bene. The plaintiff contends that this evidence should be stricken out by reason of his motion to that effect. It may be considered questionable as to whether the plaintiff fully and finally protected his rights relative to this motion, but we need not consider that matter since in our view the result would be the same in either event. It is evident by the statement of facts in the denial of the plaintiff’s request for ruling that the trial judge based his finding upon the evidence received de bene.
If the evidence received de bene is considered as being in the case it would be considered as having its natural probative value, even if it was incompetent evidence. Damon v. Carroll, 163 Mass. 404. But if such evidence is admitted it does not necessarily mean that it shall be given any weight. There may be a substantive rule of law which governs the question as to what probative value it has. Such a substantive rule of law exists in the case of an attempt to vary the terms of a written instrument by paroi evidence. In such a case the improperly admitted evidence would have no value. DuBois v. Powdrell, 271 Mass. 394, 398.
We are of the opinion that the case at bar presents an instance of an unambiguous covenant not subject to be varied by paroi evidence. The Law stated in the concluding sentence in Kelly v. Saltmarsh, 146 Mass. 585 is applicable here. “There is no ambiguity in the deeds which calls for oral testimony to explain them. The rights of the parties under them are clear. These deeds settle their rights, and it is not competent for the defendant to enlarge their rights, or to limit the grant to the plaintiffs by proof of an oral agreement made before or at the time the deeds were made. Miller v. Washburn, 117 Mass. 371.”
*168 We do not follow the argument of the defendant as to equitable mortgage nor do we consider that the unapplied' balance of the construction loan money remaining in the hands of the mortgagee constituted a trust fund preventing the bringing of the present action.
We are of the opinion that there was prejudicial error in the denial of the plaintiff’s fourth request for ruling to the effect that the mortgage covenants covered all incumbrances, and as the granting of this request would have necessitated a plaintiff finding the existing finding should be vacated and a finding entered for the plaintiff for $821.04 with interest from the date of the writ. So Ordered.