Toomey, J.

INTRODUCTION

The plaintiff, Bean Porridge Farm Development Corporation (“Bean”), requests that this court grant summary judgment in its favor and declare, in accordance with G.L.c. 231A, §1, the rights of Bean and the defendants, Paul Piktelis and Denise Piktelis (collectively “Piktelis”), Linda Swenson (“Swenson”), Anthony Mangano (“Mangano”) and the Town of Millbury (“Town”), regarding access to the Braney Road Extension (“Extension”). For the reasons stated below, Bean’s motion for summary judgment is DENIED.

BACKGROUND

Bean is the record owner of a certain parcel of land in the Town of Millbury. As noted in the description of the deed, Bean’s property includes and abuts a portion of the road known as the Braney Road Extension. Braney Road is comprised of two sections. The first section, referenced herein as “Braney Road.” runs for a distance of 1960 feet from the intersection of Grafton Street and Braney Road; the section is paved, improved and undisputed by the parties as a public way. The second section, referenced herein as “Braney Road Extension,” extends at least an additional 696.80 feet beyond the initial 1960 feet from the Grafton Street intersection. Braney Road Extension was partially paved by Swenson.
The properties of all parties to this action, with the exception of the Town, have frontage on Braney Road Extension; with the exception of Mangano, they enjoy no frontage on any other roadway. There is disagreement as to whether Braney Road Extension is a public or a private way, but the Extension has been improved by Swenson and Piktelis and/or their predecessors in interest. Defendant Mangano owns approximately 78 acres of land that abut portions of the areas described as Braney Road and Braney Road Extension. The Mangano property, additionally however, abuts a much larger area of Braney Road beyond the parcels that engage the instant law suit.[2]
After acquiring the property, Bean applied for and was granted a subdivision plan entitled, “Cronin Brook Heights."[3] The Millbury Planning Board approved the subdivision plan on or about November 28, 2000. The approval, however, was subject to “Condition 24" of the plan which required Bean to obtain a ’’judicial declaration of its right to access the Braney Road Extension," abutting Bean’s property. Accordingly, Bean filed the present complaint for declaratory relief on April 17, 2001, seeking the court’s endorsement of its right so to access.

DISCUSSION

Summary judgment will be granted where there are no material facts genuinely in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm'r Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoted with approval in G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991)). “The nonmoving party may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991). Application of those principles to the Rule 56 record at *497 bar demonstrates the inappropriateness of summary judgment in the present circumstances.
Bean contends that it has a perpetual easement by virtue of its status as grantee of a deed, the terms of which describe Bean’s parcel of land as bounded by a street or way. In addition, Bean asserts that, as a matter of law, it is entitled to summary judgment upon its prayer for a declaration that it has the right to use, access, repair and improve the Braney Road Extension. Defendant Mangano seeks equitable relief, similar to that sought by Bean, declaring that Mangano has the right to use, access and repair those sections to which Bean refers as Braney Road Extension.[4] Bean’s assertion, which involves three discrete propositions, will be addressed seriatim.
(1) The Nature of the Braney Road Extension (Quare: Public or Private Way?)
Bean contends that Braney Road Extension is a public way as to which it, as an abuttter, has a right of access. This summary judgment record does not, however, demonstrate that the Braney Road Extension was laid out or otherwise established as a public way.
Land may acquire the status of a public way either (1) by prescription, or (2) by dedication, prior to 1846, by the owner to permanent and unequivocal public use, or (3) by a laying out by public authority in the manner prescribed by G.L.c. 82, §1 through §32. In support of establishing Braney Road Extension as a public way by the third method, Bean, which bears the burden of proof, offered a number of instruments in Bean’s chain of title, and in the chains of title of abutters to Braney Road dating back to 1825, which refer to Braney Road, including and beyond the Extension, as a “road,” a “town road” or a “town way.” Bean also presented evidence to the effect that Braney Road, including the Extension, was used as a public way to access various private homes and two country clubs in the mid-19th century. Further, Bean submitted evidence that the Extension has been used for general purposes and uninterruptedly by the public, since at least March 16, 1846, when the plaintiffs predecessor in interest took title to the land. Finally, Bean suggested that the Town of Millbuiy’s 1998 Master Plan depicted Braney Road, including and beyond the Extension, as a public way or road.
This Court is not persuaded that Bean’s offerings demonstrate, as a matter of law, that Braney Road Extension is a public way within the contemplation of G.L.c. 82. The defendants have countered Bean’s offerings with evidence that Braney Road Extension is a private road owned by Piktelis and Swenson. Alternatively, Piktelis and Swenson have proffered submissions suggesting that both they and their predecessors in interests have used the way to access their properties and have improved the way for a period over twenty years; they contend, therefore, that they possess a prescriptive easement incompatible with Bean’s “public way" claims. The result of that conflict is this Court’s determination that summary judgment upon the question of whether the Braney Road Extension is a public or private way is inappropriate as there remain genuine issues of material fact to be resolved by a trier of fact.
(2) Bean’s Right to Access the Braney Road Extension (Quare: An Easement by Estoppel?)
Bean contends that, even if it cannot demonstrate that the Braney Road Extension is a public way, it nevertheless enjoys a right to access the Extension by virtue of an easement. Bean's argument proceeds from the proposition that, because the deeds in its chain of title describe the premises by reference to the sideline of a private road, he has an easement by estoppel. That contention, however, overlooks the fundamental requirement that an easement by estoppel only arises when the grantor conveying the abutting land has rights in the road that could only be conferred upon the grantee. Uliasz v. Gillette, 357 Mass. 96, 102-03 (1970).
The Massachusetts cases, recognizing that an easement may be created by estoppel, have fallen into two categories. See Patel v. Planning Board of North Andover, 27 Mass.App.Ct. 477 (1989). The first category recognizes that, “when a grantor conveys land bounded on a street or way, he and those claiming under him are estopped to deny the existence of such street or way, and the right acquired by the grantee (an easement of way) is not only co-extensive with the land conveyed, but embraces the entire length of the way . . .” Casella v. Sneierson, 325 Mass. 85, 89 (1949). That principle applies, even if the way is not yet in existence, as long as the way is contemplated and sufficiently designated. Murphy v. Mart Realty of Brockton, Inc., 348 Mass. at 677-78. The second category establishes that, “where land situated on a street is conveyed according to a recorded plan on which the street is shown, the grantor and those claiming under him are estopped to deny the existence of the street” for the entire distance as shown on the plan. Patel, 27 Mass.App.Ct. at 481.
At bar, the submissions of the parties suggest that neither category applies to the circumstances pertaining to the Braney Road Extension. Nevertheless, Bean cites to several precedents in support of its prayer for a declaration of an “easement by estoppel.” However, the cases it cites each present fact patterns wherein a common grantor created both the lots and the way upon which they abut. See, eg, Uliasz, 357 Mass. at 102-03. By contrast, Bean presents insufficient evidence, on the instant Rule 56 record, to determine whether or not its predecessors in title actually owned rights in the private way that might lead to the creation in Bean’s favor of an easement by estoppel in the private way. See Id.
In Uliasz, the landowner sought to use the estoppel doctrine to establish an easement over a proposed street in an adjoining subdivision, the end of which *498 street abutted his property and was used as a bounding reference in his deed description. Id. Because the street had been created by an adjoining property owner and not the predecessor in title of the party seeking to establish the easement, the fact that his deed description bounded on a proposed way did not, in the Supreme Judicial Court’s view, confer upon him any rights in the way. Id.
Without evidence sufficient to declare, as a matter of law, that there was a common grantor or that Bean’s predecessor in title had an interest in the private way when it was established, there remain genuine issues of material fact with respect to the creation, vel non, of an easement by estoppel.
(3) Bean’s and Mangano’s Right, as a Matter of Law, to Repair and Improve the Braney Road Extension.
As a matter of law, one who holds a right to use a private street or roadway may make reasonable repairs and improvements to such street. See Guillet v. Livernois, 297 Mass. 337, 340 (1937); Killion v. Kelley, 120 Mass. 47 (1876); Meehan v. Barry, 97 Mass. 447 (1867). Such improvement rights are favored by law in order that the holder of an easement can have reasonable enjoyment of the property conveyed. See Frawley v. Forrest, 310 Mass. 446, 451 (1941).
Because, however, this court cannot, on this record, determine what use rights, if any, the parties enjoy, the court cannot declare Bean’s right, if any, to repair and improve the Braney Road Extension.

ORDER

For the foregoing reasons, the plaintiffs motion for summary judgment is DENIED.

 defendant Mangano filed a complaint on July 25, 2001, to address the area of Braney Road that extends beyond the 696.80 feet of the Braney Road Extension identified in plaintiff Bean’s request for summary judgment. The area beyond 696.80 feet of the Extension will not be addressed in this matter and will be reserved for proceedings upon Defendant Mangano’s Complaint (Superior Court Civil Action No.01-1550).

 Bean’s parcel contains approximately 26 acres of land on which it proposes to construct a residential subdivision of 29 lots.

 Mangano’s bid for additional declaratory relief with respect to a larger section of Braney Road will not be reached in this opinion. See n.2, supra.