ABBIE T. N. COBB *vs.* MASSACHUSETTS CHEMICAL COMPANY & another.

Norfolk.     March 8, 1901. — June 20, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Easement.   Mills.   Equity Jurisdiction,* Continuing trespass, Assessment of damages.

One owning a raceway crossing the land of another lawfully may remove in a reasonable way all obstructions to the usual flow of the water.

The mill acts give the right to flow but not to excavate land.

The defendant, a manufacturing corporation, owned a strip of land eleven feet wide running through the land of the plaintiff and had the right to use it as a raceway for its mill. The defendant in clearing out the raceway widened it to twenty feet or more, thus making an unlawful use of the plaintiff's land which it intended to continue. In a suit in equity seeking an injunction and also an order to the defendant to restore the plaintiff's land to its condition before the trespass, it was *held,* that the plaintiff was entitled to an injunction against such a continuing trespass, but, as the value of the land interfered with was very small and

the advantage to the plaintiff of restoring it to its former condition would be very slight, and the expense to the defendant would be much greater than the advantage to the plaintiff, that justice and equity did not require that the defendant should be ordered to restore the land to its former condition, but that the damages suffered by the plaintiff from the acts already done should be assessed, and the defendant be enjoined from further unlawful acts.

BILL IN EQUITY by the owner of certain land in Walpole crossed by a small stream running into the Neponset River and used by the Massachusetts Chemical Company, one of the defendants, as a raceway, alleging, that nearly an acre of the plaintiff's land lay between the stream and the Neponset River, and to obtain access to this piece of land, the plaintiff for a long time had maintained across the stream a bridge suitable for the passage of teams, and that the defendant company wrongfully entered with a large force of men upon the land of the plaintiff, removed the bridge, cut down the trees and underwood growing upon the banks of the stream, and excavated and dug away the bed and the banks of the stream and deposited the earth and the stones so excavated upon the plaintiff's land, and in so doing increased the depth of the stream by about two feet and its width by over ten feet and deprived the plaintiff of all means of access to the acre of land mentioned above, and praying, first, that an injunction issue perpetually restraining the defendant company, its officers and agents, from repeating the wrongful acts alleged, or trespassing upon the plaintiff's land, or injuring or disturbing the plaintiff's property; second, that the defendant company be ordered to restore the land and property of the plaintiff to its original condition; third, that adequate damages be awarded to the plaintiff for the injury to her property; and, fourth, for such other relief as the case might require, filed October 11, 1900.

The defendant company in its answer relied upon a deed from one Oliver Clap to the Union Manufacturing Company, the defendant's predecessor in title, dated December 22, 1814. It also alleged that whatever it had done upon the land of the plaintiff was done lawfully by virtue of its title and mill privilege, and under the authority derived from Pub. Sts. c. 190. The deed from Clap conveyed a strip of land " eleven feet wide to the Neponset River so called, said land is occupied as a raceway for the water which carries said factory "; that is, the factory of

the grantee, the Union Manufacturing Company, the defendant's predecessor in title.

The case was heard in the Superior Court, by *Bell*, J., who made a decree dismissing the bill without costs; and the plaintiff appealed. The judge, at the plaintiff's request, made the following statement of facts found by him:

There was an old raceway leading across the plaintiff's land from the defendant's mill to the river below. The right to maintain this raceway had been conveyed to the defendant's predecessors in title early in the century. The width fixed by the deed was eleven feet. This raceway had become narrowed and stopped up in places and was wider than eleven feet in others. The river below its mouth had become partly filled by sand and stones washed down by a freshet. The defendant corporation at the time of filing the bill had substantially completed the work of clearing out the raceway and the river below it. In doing so it had widened the raceway to twenty feet or more. The officers of the defendant corporation testified that it was their intention to put in retaining walls leaving a width of fifteen feet. In addition to widening the raceway beyond eleven feet, they deposited some of the materials removed upon the banks. The value of the plaintiff's land interfered with was very small, not exceeding $25. There is no difficulty in restoring the soil. But the advantage to the plaintiff would be very small while the expense would be very much more than the advantage. The injury to the plaintiff can be fully compensated by damages.

*A. Hemenway,* (*J. Noble, Jr.,* with him,) for the plaintiff.

*C. F. Jenney,* for the Massachusetts Chemical Company.

HAMMOND, J. The defendant, the Massachusetts Chemical Company, as the successor to the grantee named in the deed of December 22, 1814, is the owner of the strip of land running through the land of the plaintiff, and has the right to maintain thereon the raceway of that width; and, whether the strip be the bed of an artificial canal or of a natural stream, may lawfully remove in a reasonable way all obstructions to the usual flow of the water. In some such cases it is reasonable to place some of the obstructions upon the neighboring land. *Prescott* v. *White,* 21 Pick. 341. *Prescott* v. *Williams,* 5 Met. 429.

The judge has found that the company in clearing out the raceway widened it to twenty feet or more. This they could not lawfully do either under their deed or the mill acts. These statutes relate to flowing, and not to excavating, land.

Under the facts as found, it is clear that the company has made an unlawful use of the plaintiff's land, and intends to continue in such use. If the use be continued, it may in time ripen into a title by prescription, and we are of the opinion that the plaintiff is entitled to an injunction against such a continual trespass. She ought not to be compelled to sell her land in this way. It appearing, however, that the value of the land interfered with is very small, and that the advantage to the plaintiff of restoring it to its former condition would be very slight, and the expense to the defendants would be much greater than the advantage to the plaintiff, we do not think justice and equity require that the company should be ordered to restore it to its former condition. As the jurisdiction in equity is sustained for the purpose of injunction, it may be retained for the assessment of the damages suffered by the plaintiff for what has been already done.

The result is that the plaintiff is entitled to a decree against the defendant, the Massachusetts Chemical Company, awarding her damages, and enjoining it substantially as asked in the first prayer of the bill.

The court has found that the value of the plaintiff's land interfered with does not exceed $25. Of course the value of the land may not be the true measure of damages. If the parties can agree as to the damages, a decree may be entered for the sum agreed upon; otherwise damages are to be assessed.

To prevent misapprehension it is well to state that the decree is not to be so framed as to shut off whatever rights the Chemical Company has under the statutes relating to mills or under the deed of Clap to the Union Manufacturing Company.

*So ordered.*