## SARAH LEVI *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    October 1, 1906. — October 17, 1906.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, & RUGG, JJ.

*Equity Jurisdiction,* Mandatory injunction, To restrain obstruction of easement, Assessment of damages. *Easement. Way. Street Railway. Damages. Equity Pleading and Practice,* Alternative decree.

The issuing of a mandatory injunction to restrain the permanent obstruction of an easement is within the discretion of the court, which has to determine upon the circumstances of each case whether the enforcement of this remedy is equitable.

In a suit in equity seeking for a mandatory injunction, if it appears that the acts of the defendant have destroyed or interfered with a property right of the plaintiff but that it would be inequitable to compel the defendant to restore the condition of things which existed before the acts were committed and an injunction is refused on that ground, the court may retain jurisdiction for the assessment of the damages suffered by the plaintiff.

In a suit in equity against a street railway company which in the construction of its railway had made a deep cut through the land of a private person over which the plaintiff had a right of way, which wholly deprived the plaintiff of the use of the way, the plaintiff asked for a mandatory injunction requiring the defend-

ant to refill the excavation it had made and to restore the way to the condition in which it was before the work of the defendant there was begun. It appeared that to restore things to their former condition would subject the defendant to great inconvenience and loss and would be inequitable and that the defendant offered to give or procure a conveyance to the plaintiff of a new right of way in substitution for the one destroyed. The judge who heard the case made a decree that the defendant should convey or cause to be conveyed to the plaintiff such a substituted right of way. *Held,* that the decree sufficiently provided for the wants of the plaintiff as to the right of way, but that the plaintiff also was entitled to damages for the past acts of the defendant, and that the bill might be retained for the assessment of such damages. The plaintiff however was given the right to file within a time named a rejection of the new right of way offered as a substitute and to ask for full damages for the permanent loss of the right of way without such substitution, in which case it was ordered either that the bill might be retained to assess such damages or might be dismissed without prejudice to the right of the plaintiff to recover damages in an action at law, as the plaintiff might elect.

BILL IN EQUITY, filed in the Superior Court on August 8, 1905, by the owner of a right of way over land of one Tyson in West Boylston and land of the defendant recently purchased by it from Tyson, through which the defendant in the construction of its railway was making a deep cut which wholly would destroy the way, praying for an injunction.

A temporary injunction was issued on the day of the filing of the bill. On August 11, 1905, the parties were ordered to complete the pleadings and the case was referred to a master. On August 22, 1905, the report of the master was filed. No exceptions to the master's report were filed.

The case was heard upon the master's report by *Lawton,* J., who found the facts to be as found by the master, confirmed the master's report, and filed a memorandum containing an order for a decree. He dissolved the temporary injunction, and later reported the case for determination by this court. If the facts and the law warranted the order, a decree was to be entered in accordance with the order; otherwise, such decree was to be entered as the facts and the law might require.

The judge's memorandum of decision was as follows:

" At the hearing on the master's report the defendant asked that a decree be ordered giving the plaintiff, as her only relief, damages as compensation for the destruction of her way. This I refuse.

" The plaintiff asked that a mandatory injunction should issue

requiring the defendant to refill the excavation it has made and restore the way to the condition in which it was before operations were begun. This I refuse.

"The plan exhibited at the hearing marked by me Exhibit C and now ordered to be filed in the case, shows the new way which the defendant contended was substituted for the old way, as stated in the master's report. The defendant stated at the hearing that it can and will, if directed by the court, procure from Caroline E. Tyson the defendant's grantor a deed of such portion of this new way as passes over her land and that it will itself give a deed of such portion of the new way as passes over its land so that it can grant to or procure for the plaintiff such new right of way. I therefore confirm the master's report, order a decree that the defendant shall convey or cause to be conveyed to the plaintiff by a good and sufficient deed a right of way eight feet wide over the land of Caroline E. Tyson and over its own land and by a course substantially as laid out on said plan Exhibit C [describing the line of the way]; and that the defendant shall pay to the plaintiff her costs taxed as at common law."

The plan marked Exhibit C has not been reproduced because the exact situation of the way offered in substitution did not appear to be material.

*J. W. Sheehan*, for the plaintiff.

*C. C. Milton*, for the defendant.

HAMMOND, J. "It is not every case of a permanent obstruction in the use of an easement that entitles the aggrieved party to a restoration of the former situation. Each case depends on its own circumstances. It is for the court, in the exercise of a sound discretion, to determine in such instances whether a mandatory injunction shall issue. It will not be issued when it appears that it will operate inequitably and oppressively, nor when it appears that there has been unreasonable delay by the party seeking it in the enforcement of his rights, nor when the injury complained of is not serious or substantial, and may be readily compensated in damages, while to restore things as they were before the acts complained of would subject the other party to great inconvenience and loss." Morton, J. in *Starkie* v. *Richmond*, 155 Mass. 188, 195, 196, citing Story Eq. Jur. § 959 *a*;

Kerr, Injunctions, (1st Am. ed.) 231 ; *Royal Bank of Liverpool* v. *Grand Junction Railroad,* 125 Mass. 490 ; *Lewis* v. *Chapman,* 3 Beav. 133 ; *Gaskin* v. *Balls,* 13 Ch. D. 324 ; *Aynsley* v. *Glover,* L. R. 18 Eq. 544.

No discussion is required to show that upon the facts found by the master this case is one which calls for the application of this principle. It is manifest that to restore things to the former situation would subject the defendant to great inconvenience and loss and is inequitable, and that the decree ordered by the trial court sufficiently provides for the wants of the plaintiff as to the right of way. She should however have recompense for the damages in the past, and the bill may be retained to assess such damages. *Jackson* v. *Stevenson,* 156 Mass. 496. *Cobb* v. *Massachusetts Chemical Co.* 179 Mass. 423. As thus amended the order for the decree is to stand, unless the plaintiff within thirty days from the filing of the rescript in this case shall file a rejection of the new right of way proposed as a substitute, and shall ask full damages for the permanent loss of the right of way without such substitution, in which case the bill may be retained to assess such damages or may be dismissed without prejudice to her right to an action at law for damages, as she may elect.

*So ordered.*