HERMINE SZATHMARY *vs.* BOSTON AND ALBANY RAILROAD COMPANY & another.

Suffolk. December 2, 1912. — February 26, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* To enjoin continuing trespass, Mandatory injunction, Remedy at law.

In a suit in equity against a railroad corporation to enjoin a continuing trespass committed by the defendant by the maintenance of a retaining wall, adjoining the plaintiff's land, the foundation of which projected underground from five to fifteen inches into the land of the plaintiff, it appeared that the boundary line between the plaintiff's land and the defendant's location was marked correctly by a fence that had existed for more than twenty years, that the plaintiff before the wall was built sent an engineer to the defendant to protest against

any encroachment on his land and also had served on the defendant a notice of warning through an attorney. The defendant contended that the plaintiff's remedy should be restricted to compensation in damages, because the plaintiff had suffered no substantial injury from the encroachment and the removal of the wall would subject the defendant to great inconvenience and loss. *Held*, that the plaintiff was entitled to a mandatory injunction ordering the removal of the wall, and that under the circumstances shown he should not be deprived of this right merely because such an injunction might subject the defendant to an expense and inconvenience disproportionate to the benefit afforded to the plaintiff.

In a suit in equity to enjoin a continuing trespass upon the plaintiff's land which if unrestrained would ripen into an easement, the fact that the plaintiff by proceeding under R. L. c. 186, § 3, might, after obtaining judgment in a second action for a repetition of the same trespass, have had a judgment for the abatement and removal of the nuisance, does not deprive him of the right to seek prompt redress in a court of equity and thus avoid the delay and expense of successive actions at law for trespass.

BILL IN EQUITY, filed in the Superior Court on November 8, 1909, and amended on November 10, 1909, and May 17, 1910, to restrain the defendant Boston and Albany Railroad Company from trespassing further upon the plaintiff's land in that part of Boston called Brighton by encroaching thereon with the foundation of a retaining wall constructed by that defendant, praying for a mandatory injunction ordering that defendant to remove forthwith from the plaintiff's land all portions of the foundation of such retaining wall, for a perpetual injunction, for damages, and for further relief.

The case was heard by *Richardson*, J. He made a memorandum of findings, and the evidence was reported by a commissioner, including the facts which are stated in the opinion. The judge found that it did not appear that justice required the removal of the wall, and that damages properly might be assessed. He assessed the damages in the sum of $350 and ordered that the plaintiff should recover that sum with costs.

After the death of *Richardson*, J., a final decree was entered by order of *Pierce*, J., founded on the memorandum made by *Richardson*, J. From this decree the plaintiff appealed.

*W. P. Murray*, (*C. F. Smith* with him,) for the plaintiff.

*G. L. Mayberry*, for the defendants.

DE COURCY, J. In the memorandum filed by the judge who heard the case is the following: "I find that along by the land of the plaintiff where it joins or abuts on the land of the defendant,

the New York Central and Hudson River Railroad at or about the time mentioned in the bill, and its agents and servants, constructed ·a· strong retaining wall, to keep the land of the plaintiff from falling or sliding down upon the defendant's railroad tracks; that the top of said wall is substantially on the line between the parties and no part of the very top of it is on the plaintiff's land, but that the defendant, in the construction of said retaining wall, made it much thicker at the bottom several feet below the surface, so that at the bottom of the wall, which is made of cement and stone, it does project into the land of the plaintiff from five to fifteen inches."

We cannot say from an examination of the evidence that the judge was plainly wrong in finding that the defendant's wall encroaches upon the plaintiff's property to a substantial extent at least, and consequently his finding of fact as to the existence of such encroachment must stand. *Skehill* v. *Abbott,* 184 Mass. 145. But it is open to the plaintiff, who appealed from a decree in her favor, to have the correctness of it passed upon by this court and to contend that upon the facts found by the trial judge she was entitled to a mandatory injunction. *May* v. *Gates,* 137 Mass. 389. *Sunter* v. *Sunter,* 204 Mass. 448.

The general principle, that when one without right attempts to appropriate the property of another by conduct which will ripen into an easement, a court of equity will compel the trespasser to undo as far as possible what he has wrongfully done, is too well established for discussion. *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448. *Kershishian* v. *Johnson,* 210 Mass. 135, and cases cited. The defendant's contention is that this case is one of the exceptions to this general rule, where the plaintiff suffers no substantial injury from the encroachment, and the removal of the wall would subject the defendant to so great inconvenience and loss as to be grossly inequitable; and where compensation in damages is the suitable remedy. See *Lynch* v. *Union Institution for Savings,* 159 Mass. 306; *Harrington* v. *McCarthy,* 169 Mass. 492, 495; *Levi* v. *Worcester Consolidated Street Railway,* 193 Mass. 116; *Methodist Episcopal Society* v. *Akers,* 167 Mass. 560.

In these exceptional cases there always appears some element such as innocent mistake or a *bona fide* claim of right on the part of the defendant, laches on the part of the plaintiff, or the pres-

ence of some other incident that would render inequitable the issuance of a mandatory injunction.  The facts that induced the trial judge in the case at bar to limit the plaintiff's remedy to damages, are not stated in the memorandum.  No substantial equivalent was given to her as was given in the case of *Levi* v. *Worcester Consolidated Street Railway*, 193 Mass. 116, to which the judge refers.  It becomes necessary then to examine the evidence in order to determine whether the plaintiff has established a right to the equitable relief asked for.

It is conceded that the boundary line between the plaintiff's land and the defendant's location was indicated by a boundary fence that had existed for more than twenty years.  In view of that fact it is difficult to see how the defendant's encroachment on the plaintiff's land can be justified as the result of innocent mistake, and admittedly it was not committed under any claim of right. The plaintiff has not been guilty of laches; from the beginning she objected to any encroachment on her land, and before any of the wall was built she sent an engineer to protest against any trespass and also served a notice of warning by an attorney.  The fact that the work was done by an independent contractor does not furnish immunity to the defendant.  *Kershishian* v. *Johnson*, 210 Mass. 135.  Without reciting the evidence at length, we are of opinion that the case comes within the general rule, and that the plaintiff is entitled to be relieved from the maintenance of the wall upon her land, notwithstanding that its presence causes no substantial injury to her premises as they are now occupied.  *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448.

Her right is a legal one.  She might have proceeded under R. L. c. 186, § 3, and after judgment in a second action of trespass would have been entitled as of right to a judgment for abatement and removal of the nuisance.  Instead of resorting to the delay and expense of successive actions at law for trespass, she has seen fit to seek prompt redress in a court of equity.  *Boston & Maine Railroad* v. *Sullivan*, 177 Mass. 230.  Her legal rights are the same, whichever proceeding she selects for their enforcement.  And she should not be deprived of these rights merely because an injunction may subject the defendant to an expense and inconvenience disproportionate to the benefit it affords to her.

The decree must be reversed, a mandatory injunction is to

issue, the stipulations of which shall be determined by a judge of the Superior Court, and the plaintiff's damages are to be assessed to the date of the final decree.

*So ordered.*