FRANK E. HIRSCH & another *vs.* LIZZIE M. FISHER.

Norfolk.    November 6, 1931. — March 17, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Way*, Private. *Deed*, Construction. *Evidence*, Extrinsic affecting writing.

A deed in 1924, conveying a lot of land by detailed boundaries with a right in common with others over a passageway running from west to east over the south side of the lot and other land to the east, as shown on a certain plan of 1923, was clear and gave the grantee no right in another passageway, not shown on said plan, running from the south boundary of the lot across the lot adjoining it to the south, which lot was conveyed in 1926 by the same grantor to another grantee by a deed which made no mention of any right of way as an encumbrance and which, after defining the boundaries, stated that it was one of the lots shown on a plan of 1925, which plan included all that was shown on the plan of 1923 and also showed, among other things, the second passageway.

In an action of tort by the first grantee above described against a successor in title of the second for preventing the plaintiff from using the second passageway, it was proper to exclude parol evidence offered by the plaintiff in substance that, when he purchased his lot, he was told by the grantor that such passageway was partly for the benefit of his lot and that he would be entitled to use it; that he had used it for several years, and that the defendant, when he purchased his lot, knew that the passageway was being used under a claim of right; and it was also proper to order a verdict for the defendant.

TORT.    Writ dated May 18, 1928.

The action was tried in the Superior Court before *Broadhurst*, J. The opinion contains a description of material evidence and of evidence excluded by the judge subject to the plaintiffs' exception. The judge ordered a verdict for

the defendant and reported the action for determination by this court.

The case was argued at the bar in November, 1931, before *Rugg*, C.J., *Pierce, Wait, Sanderson,* & *Field,* JJ., and afterwards was submitted on briefs to all the then Justices.

*C. W. Rowley,* for the plaintiffs.

*J. H. Powers,* (*G. B. Hayward* with him,) for the defendant.

Rugg, C.J.   This is an action of tort to recover damages for preventing the plaintiffs, wrongfully as is alleged, from traveling across a lot of land owned by the defendant. There was evidence tending to show that the plaintiffs purchased a lot of land from the Aberdeen Realty Corporation by deed dated May 13, 1924.   That deed described the land by detailed boundaries and as "being Lot No. 1 as shown" on a recorded plan dated September 25, 1923, (hereafter called plan B), and "containing 6279 square feet of land, all as shown on said plan."   The concluding part of the description was in these words: "The grantor reserves for itself, its successors and assigns, a right of passage over the drain location six feet wide shown on said plan and also over the twelve (12) foot passageway shown on said plan to and also over the proposed street location shown on said plan in common with the grantees and others entitled thereto, and hereby grants to said grantees similar rights of way in common with others entitled thereto over the remainder of said passageway and over said proposed street as shown on said plan."   Plan B did not show the lot now owned by the defendant.   It showed only a tract of land fronting on Tappan Street divided into fourteen lots numbered from 1 to 14, both inclusive, a "Proposed Street" at the easterly end of these lots, a passageway twelve feet in width extending from the proposed street over the twelve feet at the rear of each of the lots to the westerly end of the tract, where it came to dead end at the southwest corner of the lot conveyed to the plaintiffs.   It also showed a drain location six feet wide on the westerly side of the lot conveyed to the plaintiffs.

The drain location extended southerly into other land of the Aberdeen Realty Corporation, which subsequently became a part of lot 25 owned by the defendant.

There was also evidence tending to show that the Aberdeen Realty Corporation sold by deed dated February 6, 1926, to one Spear, four lots of land including the lot in the rear of that owned by the plaintiffs. One of these lots was described as lot 25 on a plan dated May 5, 1925, duly recorded (hereafter called plan D), was bounded by defined lengths of lines, faced upon a proposed street, and was bounded at the rear or northerly on the passageway in the rear of the Tappan Street lots. By mesne conveyances lot 25 was transferred to the defendant by deed dated August 10, 1927, which contained, in addition to the description, reference to plan D. This plan showed all that appeared on plan B, but included twenty-five additional lots lying southerly of the lots shown on plan B, and the proposed street extended. The deed to the defendant included "any and all rights of way appurtenant to the granted premises"; it mentioned no rights of way as an encumbrance, nor did any such mention appear of record in her chain of title. There was shown upon plan D, across the westerly part of lot 25, the drain location and, by a dotted line, a passageway lying within its limits, but all its boundaries were marked by solid unbroken lines.

The plaintiffs contend that they have a right to cross the defendant's land over this passageway, while the defendant contends that they have no such right and that their rights are limited to the passageway shown on plan B. The closing by the defendant of the passageway over her land gives rise to the present action.

The plaintiffs offered to show in brief that at the time of their purchase the agent of the Aberdeen Realty Corporation told them that the twelve-foot passageway at the rear of the lots facing on Tappan Street, extended across land later included in lot 25 to the proposed street, was a part of the general plan of development of land of that company and was for the benefit of owners of lot 1 among others, and that the plaintiffs as buyers would be entitled

to pass over it, including that part which lay over lot 25; that the passageway was then constructed and in use; that the grading of lot 1, with a garage facing on the passageway, was such as to indicate convenient use of the passageway; that they bought in reliance upon the representations made by their vendor, and that during a period of more than three years they had used that part of the passageway lying on lot 25, and that the defendant at the time of her purchase saw the passageway over lot 25 in use and knew that it was being used under a claim of right.

The trial judge ruled that the only passageway over which the plaintiffs had any rights of passage was the passageway shown on the plan B referred to in the deed by which they acquired title; that the plaintiffs had no right of way over the passageway across the defendant's premises shown on the plan D, and excluded the evidence offered subject to the plaintiffs' exception; and directed a verdict for the defendant.

The general rule is settled and familiar that, when the description of granted premises in a deed is clear, extrinsic evidence is not admissible to control or modify it. It is only when such description is uncertain through latent ambiguities, either in the meaning of the words or in their application to the face of the earth, that resort may be had to such evidence to resolve existing obscurities. *Storer* v. *Freeman,* 6 Mass. 435, 440. *Waterman* v. *Johnson,* 13 Pick. 261, 264. *Estabrook* v. *Smith,* 6 Gray, 572, 579. *Spurr* v. *Andrew,* 6 Allen, 420. *Flynn* v. *Bourneuf,* 143 Mass. 277. *Reynolds* v. *Boston Rubber Co.* 160 Mass. 240, 245. *Temple* v. *Benson,* 213 Mass. 128. *Crawford* v. *Roloson,* 256 Mass. 331, 336. *Queenin* v. *Blank,* 268 Mass. 432, 435, and cases cited.

The description in the deed to the plaintiffs is drawn with great care. It is clear. It definitely confines the rights of the plaintiffs to the passageway twelve feet wide shown on the plan and the proposed way. It refers to no other right of way. It does not mention the land now owned by the defendant expressly or by implication. It

refers to plan B, which is explicit in measurements, in land covered, and in rights of way disclosed. It does not include the lot subsequently bought by the defendant. It shows a drain location extending not only over lot 1 which was conveyed to the plaintiffs but also into land subsequently included in lot 25 bought by the defendant. The grantor, while reserving to itself a right of passage over this drain location, did not grant any such right of passage to the grantee. Furthermore, though the grantor reserved for itself a right of way over the twelve-foot passageway, shown on the plan, it granted only such right of way "over the remainder of said passageway," thus being careful to be technically accurate in not granting a right of way over any other premises. It is hard to believe that, when such great care was taken to secure technical accuracy in conveyance, a right of way such as is claimed was intended to be granted. If the defendant had taken pains to have the title of the plaintiffs searched before making her purchase, no intimation would have been discovered of the existence of any such right as is now asserted. No such right is found on the record of the deeds in her own chain of title.

Nothing is disclosed on this record which warranted the introduction of the parol evidence offered. It was rightly excluded under the general rule forbidding the introduction of such evidence to control a deed.

The case at bar is distinguishable in its facts from cases like *Oliver* v. *Kalick*, 223 Mass. 252, and *Ralph* v. *Clifford*, 224 Mass. 58.

In accordance with the terms of the report, in the opinion of a majority of the court the entry must be

*Judgment for defendant on the verdict.*