JOHN E. BUCKLEY *vs.* FRANCES A. GRAY.

Franklin.    September 20, 1933. — January 2, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Evidence,* Extrinsic affecting writing. *Deed,* Construction. *Way,* Private. *Land Court,* Rehearing.

At a hearing in the Land Court, the issue was the location of the east boundary of a parcel of land, which had been conveyed by a deed stating that boundary as being along the west line of a right of way.

It appeared that the records at the registry of deeds disclosed the existence of only one such way, the location of which was shown on a plan recorded previous to the deed; but that the way as actually travelled did not coincide with the way so shown and lay further to the east, so that, if the travelled way were taken as the boundary, the parcel in question would be larger than it would be if the way shown on the plan were taken. The judge of the Land Court ruled that there was no ambiguity in the deed which justified the admission of parol evidence of what the parties thereto intended with respect to the east boundary, and decided that the way mentioned in the deed meant the way shown on the recorded plan. *Held*, that on the record the ruling and decision of the judge were right.

No error of law appeared in the denial of a motion for rehearing of a petition in the Land Court for registration of the title to land, substantially based on the ground that the moving party had been "surprised" by the refusal of the trial judge to take a view, his preparation for trial having been based on the supposition that a view would be taken.

PETITION, filed in the Land Court on December 23, 1932, for registration of the title to land in Greenfield.

The petition was heard by *Smith*, J. Material facts and the decision of the judge are described in the opinion. The respondent filed a motion for a rehearing, substantially on the grounds that she had been "surprised" at the hearing by the refusal of the judge to take a view, her preparation for trial having been based on the supposition that a view would be taken. The motion was denied. The respondent appealed from the judge's decision and from the denial of her motion.

*H. Sherman*, (*G. M. Gray* with him,) for the respondent.
*W. A. Davenport*, for the petitioner.

CROSBY, J. This is an appeal by the respondent from a decision of the Land Court upon a petition to register the title to a parcel of land, in Greenfield, on the west side of Congress Street one lot north of Russell Street. The respondent owns a triangular parcel of land adjoining on the southwest the land sought to be registered. The location of the boundary line between these two tracts is the matter in dispute. Two plans are annexed to the record. The first was drafted by the Land Court and shows various features of the decision and the evidence on the case. The second is a copy of a plan recorded January 3, 1917, inscribed "Plan

of Lots of Minnie R. Livermore." This plan drawn approximately to a scale of sixteen feet to the inch shows a tract of land at the corner of Congress and Russell streets divided into four lots. Two lots front on Congress Street which runs north and south, and two lots front on Russell Street which runs east and west. The Russell Street lots are in the rear and to the west of the Congress Street lots. The lot at the corner of Congress and Russell streets is marked "Lot No. 1," the inside lot on Congress Street is marked "Lot No. 2," the lot on Russell Street which is nearer to the corner of Congress Street is marked "Lot No. 3," and the other lot is marked "Lot No. 4." Lot 1, rectangular in shape and shown as having a frontage of fifty feet on Congress Street, abuts in the rear on lot 3. Lot 3, also rectangular in shape, shown as having a frontage of fifty-five feet on Russell Street, and a depth of one hundred feet, abuts in the rear on lot 2. Lot 2, shown as having a frontage of seventy-two feet on Congress Street, abuts in the rear on both lots 3 and 4. This results from the fact that lot 3 is not so deep as lot 4, the depth of the latter being equal to the width of lots 1 and 2 combined. A driveway is shown on the plan running from Congress Street to lot 4. It does not run straight in from Congress Street to lot 4, but runs first westerly along the northerly line of lot 1, then diagonally in a northwesterly direction across lot 2 until its westerly line reaches the northeasterly corner of lot 3. It then runs westerly along the northerly line of lot 3 to lot 4. As a consequence of this diagonal course the driveway separates lot 2 into two parts, a small triangular parcel on the one side, and the remaining land on the other.

It appears from the record that in 1916 Minnie R. Livermore acquired a good title to the land shown on the plan which will hereafter be referred to as the recorded plan, by a deed from one Kiely. She sold this property in four separate parcels. In 1917, referring to the recorded plan, she deeded lot 3 to Ray H. Livermore, "Also a right of way over the driveway extending from Congress street to lot number 4 on said plan, as shown on said plan above referred to." In 1919 she deeded lot 4 to Frank B. Stone. In 1920 she deeded lot 1

to Rowland M. Howell, but with a width of fifty-seven feet instead of fifty feet as appears on the recorded plan. By this deed she conveyed "also a right of way ten feet in width on land of the grantor on the northerly side of said premises; said right of way to be used in common by the grantee and the grantor, and others owning land on the westerly side of the land above conveyed and land of the grantor." In 1923 she conveyed her remaining land to Helen D. Sleigh "subject to a right-of-way which is hereby reserved 10 feet in width along the southerly boundary line adjacent to said tract conveyed to Rowland M. Howell and to the tract conveyed to Ray H. Livermore above mentioned." It appeared from the oral evidence that a travelled way, on the ground hereafter referred to as the "travelled way," runs in from Congress Street west and then north to a building which was formerly the barn of Minnie R. Livermore, and that a branch of this way runs on the south side of the "garden lot." The garden lot is that portion of lot 2, which, on the recorded plan, runs in behind lot 3 and abuts on lot 4.

It was found by the trial judge that when Mrs. Livermore conveyed to Mrs. Sleigh her remaining land she was travelling over this way between Congress Street and her barn. These three ways, namely, the driveway of the recorded plan for the benefit of lot 3, the way deeded to Howell, and the travelled way, overlapped in places but at scarcely any point actually coincided. The three ways are shown on the Land Court plan, which in its general outlines is substantially similar to the recorded plan. On the Land Court plan the Howell way, ten feet wide, runs east and west along the northerly side of the Howell land from Congress Street to lot 3, which is marked "Gray." The respondent Gray rightly claims title to this lot under the deed from Minnie R. Livermore to Ray H. Livermore. On this plan the driveway follows the same course as on the recorded plan, heretofore described. It is shown, however, as running for seven feet of its width on land of Howell. This results from the fact that on the recorded plan lot 1 is fifty feet wide, while on the Land Court plan it is fifty-seven feet wide, the width stated in the deed from Mrs.

Livermore to Howell. The travelled way is shown on the Land Court plan as running in from Congress Street along the northerly boundary of the Howell land and follows, substantially, the course of the driveway; that is, both ways run in from Congress Street, westerly, then follow a diagonal course which is northwesterly and then run westerly along the northerly line of lot 3 to lot 4. There is, however, this main difference: the travelled way does not run in from Congress Street westerly so far as the driveway does before taking a diagonal course. In each case, however, the westerly line of the way, running diagonally in a northwesterly direction, appears on the Land Court plan as the hypothenuse of a triangle, the base in each case being a portion of the easterly line of lot 3 and the altitude a portion of the northerly line of the Howell parcel. As a result of the fact that the travelled way does not run in from Congress Street so far as the driveway does before taking a diagonal course, the westerly line of the travelled way is the hypothenuse of a large triangle, and the westerly line of the driveway is the hypothenuse of a smaller triangle. The Sleigh land was divided by two deeds both recorded October 5, 1925, one to Lyman E. Keet conveying a triangular parcel, and the "garden lot," and the other a deed to the petitioner conveying the land remaining after the conveyance of the triangular parcel and the "garden lot." The Keet deed was recorded first by about one hour. The triangular parcel deeded to Keet was bounded as follows: "Beginning at the northeast corner of land of the grantee; thence southerly along the east line of said grantee's land 43 feet, more or less, to the northwest corner of land of Rowland M. Howell; thence easterly along land of said Howell 12 feet, more or less, to the west line of a right of way conveyed by Minnie R. Livermore, thence northwesterly along said right of way to the place of beginning. Being a triangular parcel of land. Reserving any rights of way now existing."

The respondent Gray claims title to the triangular parcel and "garden lot" under the deed from Sleigh to Keet, her main contention being that she owns in fee the land to the

west side of the travelled way as the east boundary of her triangular lot conveyed by the Sleigh deed.　In other words she contends that the side of the triangle in dispute which is described in the deed from Sleigh to Keet as follows: "thence easterly along land of said Howell 12 feet, more or less, to the west line of a right of way conveyed by Minnie R. Livermore," means to the west line of the travelled way. The judge of the Land Court found that it meant to the west line on the recorded plan.　The question whether the respondent owns to the west line of the travelled way, or to the west line of the driveway depends upon the true interpretation of the words above quoted in the deed from Minnie R. Livermore which appear in the deed from Sleigh to Keet.　The judge held that there was nothing ambiguous or indefinite in the description of the triangle as written in the Keet deed.　The respondent contended at the hearing that the language of the deed was so far ambiguous as to warrant the admission of parol evidence of what the parties intended.　The trial judge made the following findings: "On September 25, 1925, Mrs. Sleigh owned all land claimed by the petitioner, and the 'triangular parcel' and 'garden lot' claimed by Mrs. Gray, subject to the 'Driveway' and the 'Howell way.'　The 'travelled way' to her barn was mostly outside the limits of both the other ways, and there was no evidence on record of the existence of any such way. What then was the petitioner bound to take notice of when he recorded his deed about one hour after the Keet deed? He was bound to take notice of the 'Driveway,' the 'Howell way' and the Keet deed.　This deed in describing the tri-angular parcel, for its south boundary, ran east along 'land of said Howell 12 feet, more or less, to the west line of a right of way conveyed by Minnie R. Livermore.'　Where was this way so 'conveyed'?　The public records disclosed only one such way, to wit, the 'Driveway' of the recorded plan over which the said Minnie had previously conveyed 'a right of way' to Ray H. Livermore.　This language could not be applied to the only other grant of a way by said Minnie occurring in the Howell deed which was an east and west only, and the next boundary in the deed to

Keet further determines the way mentioned by running 'northwesterly along said right of way to the place of beginning.' This deed also recognizes the Howell way by the words — 'Reserving any rights of way now existing.' The Howell deed and way overruns the south side of the triangle on the recorded plan seventeen feet in extent from north to south. Finally it is to be observed that the south side measurement of the deed triangle, '12 feet, more or less,' is about the scale distance of the recorded plan between the two other lines at a point fifty-seven feet north of Russell Street. I find and rule there is nothing ambiguous or indefinite in this description of the triangle as written in the Keet deed.''

It is a general rule that it is only when the description of granted premises is uncertain "through latent ambiguities, either in the meaning of the words or in their application to the face of the earth, that resort may be had" to extrinsic evidence to resolve existing obscurities. *Hirsch* v. *Fisher*, 278 Mass. 492, 495, and cases cited. We are of opinion that there is nothing ambiguous or indefinite in the description of the triangle as written in the Keet deed, and that the decision of the trial judge, that the words "to the west line of a right of way conveyed by Minnie R. Livermore" meant to the west line of the recorded driveway, was warranted and must stand.

The respondent filed certain requests for rulings, which were properly denied as inconsistent with the facts proved or unnecessary to a decision of the case. The denial of the respondent's motion for a further hearing fails to show any error of law.

*Decision of the Land Court affirmed.*