FRANCES A. GRAY *v.* ROWLAND M. HOWELL.

Franklin.    September 18, 1935. — November 13, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Equity Jurisdiction*, To enjoin infringement of right of way.    *Way*, Private.    *Equity Pleading and Practice*, Decree.

Where part of the width of a plaintiff's right of way legally was over the defendant's land, but as used for years the way was wholly on adjoining land, and the defendant, upon discovery of the legal location, bought the adjoining land and offered to convey to the plaintiff an additional width of way therein so that the total width would include the location actually used, equity did not require that the defendant be ordered, at great expense to him and with small benefit to the plaintiff, to move his house and garage, which encroached upon the legal way; and an alternative decree was ordered providing that if the plaintiff should accept the deed offered by the defendant, the defendant should pay the recording fee and the plaintiff should have nominal damages, but if the plaintiff should refuse the deed, the bill should be retained only for assessment of the plaintiff's actual damages.

BILL IN EQUITY, filed in the Superior Court on May 15, 1934.

An interlocutory decree confirming a master's report and the final decree described in the opinion were entered by order of *O'Connell*, J.    The plaintiff appealed from both decrees.

*H. Sherman*, (*G. M. Gray* with him,) for the plaintiff.

*J. T. Bartlett*, (*P. H. Ball* with him,) for the defendant.

QUA, J.    This is a bill in equity wherein the plaintiff seeks a mandatory injunction for the removal by the defendant of portions of the defendant's house and garage which encroach upon the plaintiff's right of way.

The defendant's house and lot are located at the northwest corner of Congress and Russell streets in Greenfield.    Land formerly of one Buckley adjoins the defendant's land on the north and fronts on Congress Street.    The plaintiff's land adjoins the defendant's land and the Buckley land on the rear or west and fronts on Russell Street.    The plaintiff has

a right of way from Congress Street to her land. For the greater part of the distance this way runs westerly parallel with the boundary between the defendant's land and the Buckley land and is ten feet in width, of which seven feet are on the northerly side of the defendant's land and three feet are on the southerly side of the Buckley land. As the way approaches the plaintiff's land, it curves to the northwest across the southwest corner of the Buckley land to the rear end of the plaintiff's lot. It is the way referred to as the "driveway" in *Buckley* v. *Gray*, 285 Mass. 110, where the locations of the several lots and of the way are more fully described. The northerly side of the defendant's house protrudes approximately one foot and three inches into the southerly side of the way, with rear steps which protrude into the way two feet one and one half inches. The eaves project over the way approximately three feet and one inch. The northeast corner of the defendant's garage, which is located back of his house, extends approximately five feet into the way near the point where the way turns to the northwest.

Pertinent findings of the master are these: The defendant purchased his property in 1920. At that time the house encroached upon the way as it does now. It is a two-story frame dwelling, with cellar, chimney, fireplace, plumbing and heating plant. The defendant built the garage in 1920. It is so constructed of concrete that it cannot be removed without substantially destroying it. When the defendant purchased the property he had the title searched by an attorney, who told him that it was free from all encumbrances. Until 1933 the defendant had no knowledge that the plaintiff had a right of way over his land. The defendant has never knowingly caused any encroachment upon the plaintiff's way, except by failing to remove his house and garage after he learned that the plaintiff had a right of way. For many years before the defendant acquired his property and since that time until the decision of this court in *Buckley* v. *Gray*, the only driveway actually used in connection with the plaintiff's property was situated entirely upon the Buckley land immediately to the north of the

defendant's boundary. This is called the "travelled" way in *Buckley* v. *Gray.* Three feet of it in width along the greater part of the boundary corresponded with that part of the plaintiff's way as defined by the deeds which lay upon the Buckley land, but the greater part of it was upon a portion of the Buckley land not included in the plaintiff's way as defined by the deeds.

It appears from the "memorandum" of the trial judge that upon the coming in of the master's report, by agreement of counsel, the judge took a view of the premises, and extended discussions with counsel took place with the object of agreeing, if possible, upon a method of giving the plaintiff a right substantially as good as that which she had under her deed without removing the defendant's building. As a result of these discussions the defendant, through his attorney, bought the Buckley property and offered to convey to the plaintiff an additional right of way on the Buckley land adjoining the present legal way on the north, which, as the judge finds, "will afford to the petitioner the use and enjoyment of substantially the same right-of-way heretofore used and enjoyed by her . . . without any inconvenience whatsoever, as distinguished from prior use of right-of-way privileges." He further finds that "To give to the petitioner more than is now proffered, is to give more than is necessary to afford her . . . a right-of-way enjoyment equal to all that her land has heretofore possessed and enjoyed," and that because the right of way offered would allow continued use of the travelled way as at present, no expense would be entailed for surfacing; "therefore there is no occasion or warrant to provide for allowance of damages to the petitioner."

The judge confirmed the master's report and entered a final decree which provides in substance that the defendant shall tender to the plaintiff "a good and sufficient quitclaim deed" of the additional right of way described above, and that if the plaintiff accepts it, the bill shall be dismissed with costs to the plaintiff, but if the plaintiff refuses to accept it, the defendant shall file the necessary instruments

in the registry of deeds, the bill shall stand dismissed and the plaintiff shall pay costs to the defendant.

It is the general rule that equity will compel by mandatory injunction the removal of buildings and structures which unlawfully encroach upon land of another. This rule has been applied so long and so many times in this Commonwealth that it seems unnecessary to cite authorities in support of it. Many of them are collected and discussed in the recent case of *Geragosian* v. *Union Realty Co.* 289 Mass. 104. The same rule has been applied, though perhaps more cautiously, where the plaintiff's interest in the land is an easement only. Adequate protection of legal rights against unlawful interference demands that this rule be preserved in full force and applied in the great majority of cases. But the rule has never been regarded as absolutely inflexible. It does not require the court to inflict unnecessary and unconscionable injury and loss upon a defendant who, without wrongful intent, is unfortunate enough to discover that his building is a little over his neighbor's line, if the substantial rights of the plaintiff can be fully protected without doing so. In *Starkie* v. *Richmond*, 155 Mass. 188, at pages 195–196, this court said: "It is not every case of a permanent obstruction in the use of an easement that entitles the aggrieved party to a restoration of the former situation. Each case depends on its own circumstances. It is for the court, in the exercise of a sound discretion, to determine in such instances whether a mandatory injunction shall issue. It will not be issued when it appears that it will operate inequitably and oppressively, nor when it appears that there has been unreasonable delay by the party seeking it in the enforcement of his rights, nor when the injury complained of is not serious or substantial, and may be readily compensated in damages, while to restore things as they were before the acts complained of would subject the other party to great inconvenience and loss." A number of cases have been held to fall within the exception, each for reasons peculiar to the particular case. *Brande* v. *Grace*, 154 Mass. 210. *Lynch*

v. *Union Institution for Savings*, 159 Mass. 306. *Methodist Episcopal Society in Charlton City* v. *Akers*, 167 Mass. 560. *Harrington* v. *McCarthy*, 169 Mass. 492, 494. *Cobb* v. *Massachusetts Chemical Co.* 179 Mass. 423. *Levi* v. *Worcester Consolidated Street Railway*, 193 Mass. 116. *Kendall* v. *Hardy*, 208 Mass. 20. *Loughlin* v. *Wright Machine Co.* 273 Mass. 310, 316. *Malinoski* v. *D. S. McGrath, Inc.* 283 Mass. 1, 11. And the exception is recognized in cases where it has not been found applicable. See, for example, *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448, 451; *Szathmary* v. *Boston & Albany Railroad*, 214 Mass. 42, 44; *Marcus* v. *Brody*, 254 Mass. 152; *Tyler* v. *Haverhill*, 272 Mass. 313, 316.

In our opinion the present case falls within the exception. No question is here involved of preventing the acquisition of rights against the plaintiff by adverse use. When the plaintiff, without expense to herself, can secure a way in nearly the same location and fully as convenient as that which her strict legal rights give to her and when that way is substantially the same driveway which she or her predecessors in title have in fact used for many years before 1920 and thereafter up to the present time, apparently in the belief that it was the true way, it is unreasonable for her to put the defendant, who is himself without fault, to the expense and loss of moving his house and destroying his garage. It is to be noted that neither the defendant's offer nor the decree requires the plaintiff to abandon any of her existing legal rights. If she accepts the offer, she will have a way which, except for the encroachments, will be seventeen feet wide instead of the ten feet to which she is entitled. The equitable relief which she seeks is denied to her, because it would be harsh and inequitable to grant it. The case is distinguishable from *Downey* v. *H. P. Hood & Sons*, 203 Mass. 4, and from *Geragosian* v. *Union Realty Co.* 289 Mass. 104, and is more nearly like *Levi* v. *Worcester Consolidated Street Railway*, cited above.

The final decree was so drawn that the plaintiff was required to elect whether or not she would accept the defendant's offer before the time allowed her by law for

appeal had expired.  G. L. (Ter. Ed.) c. 214, § 19.  Although the plaintiff filed a so called "disclaimer" at the time of her appeal, she should now be allowed thirty days from the entry of the decree after rescript in which to elect whether to accept or to reject the proposed grant.  If she accepts, the defendant should pay any fees required to record or register the instruments.  Inasmuch as the plaintiff cannot be required to accept the new way against her will, that part of the decree which provides for the recording of the instruments in the event of the plaintiff's refusal to accept should be omitted. · The decree should also allow nominal damages to the plaintiff (*Kendall* v. *Hardy*, 208 Mass. 20, 29; *Loughlin* v. *Wright Machine Co.* 273 Mass. 310, 316), unless upon refusal to accept the instruments, she should ask full damages for the permanent obstruction of her existing way by the defendant's buildings, in which case the bill is to be retained to assess such damages.  *Levi* v. *Worcester Consolidated Street Railway*, 193 Mass. 116, 119. If the plaintiff accepts the offer, she is to have the costs of this appeal.  If she refuses it, the defendant is to have the costs of the appeal.

The interlocutory decree confirming the master's report is affirmed.  The final decree, as modified above, is affirmed.

*Ordered accordingly.*